UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61880-cv-MIDDLEBROOKS/JOHNSON

FREDY D. OSORIO,

    Plaintiff,

v.

STATE FARM BANK, F.S.B.,

    Defendant.
_____/

STATE FARM BANK, F.S.B.,

    Third-Party Plaintiff,

v.

CLARA BETANCOURT,

    Third-Party Defendant.
_____/

## THIRD-PARTY COMPLAINT

Defendant/third-party plaintiff, State Farm Bank, F.S.B. ("State Farm"), pursuant to Fed. R. Civ. P. 14(a)(1) and 18(a), files its third-party complaint against third-party defendant, Clara Betancourt ("Betancourt"), and alleges:

### PARTIES

1.    State Farm is a federal savings bank with its principal place of business in Illinois. State Farm's bank charter is located in Illinois. State Farm is a citizen of the state of Illinois.

2.    Upon information and belief, Betancourt is an individual residing in Broward County, Florida and within this judicial district and a citizen of the state of Florida.

21642884.2

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdication over State Farm's third-party claims for common law indemnification, contractual indemnification, breach of contract and negligent misrepresentation pursuant to 28 U.S.C. § 1332 because State Farm is diverse in citizenship from Betancourt and more than $75,000, exclusive of interest and costs, is in controversy. This Court also has supplemental jurisdiction over State Farm's claims for account stated and open account pursuant to 28 U.S.C. § 1367.

4. Betancourt is a Florida resident and thus is subject to the general personal jurisdiction of this Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and Betancourt is subject to personal jurisdiction in this district.

## GENERAL BACKGROUND ALLEGATIONS

6. On or about May 10, 2007, Betancourt opened a credit card account with State Farm.

7. As part of her credit card application, Betancourt provided the telephone number 754-244-8626. Betancourt agreed, warranted, promised and represented that this was her telephone number. Betancourt agreed, warranted, promised and represented as part of her credit card contract with State Farm that State Farm could lawfully call this telephone number to discuss her credit card account, including for purposes of seeking collection of past due amounts.

8. In connection with the credit agreement between State Farm and Betancourt, State Farm agreed to send Betancourt approximately monthly statements and Betancourt agreed to timely pay State Farm the sums reflected as owing to State Farm on those statements.

9. Betancourt's credit card account with State Farm has been in arrears for a year or more. This has necessitated State Farm to undertake efforts to collect the amounts Betancourt owes State Farm under the credit agreement.

10. As of May 28, 2011, Betancourt had an outstanding balance of $7,945.10 that she owed to State Farm, for which she has made no payment. As of this date, Betancourt owes this amount, along with interest, penalties, late fees, costs and attorneys' fees as provided for in the agreement.

11. Amongst other methods, State Farm has made telephone calls to Betancourt to seek repayment of the credit it extended to Betancourt. Some of those calls were made to the telephone number 754-244-8626, which Betancourt had agreed, warranted, promised and represented to be her telephone number that State Farm could lawfully call.

12. On August 23, 2011, the plaintiff in this action, Fredy D. Osorio ("Osorio"), filed a complaint against State Farm, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

13. Osorio alleges that State Farm made calls to his cellular telephone for non-emergency purposes, allegedly in violation of the TCPA. *See* complaint [D.E. 1] ¶¶ 6-8. Upon information and belief, the cellular telephone number that Osorio alleges belongs to him and to which the calls were made is 754-244-8626.

14. Upon information and belief, Osorio is a relative of Betancourt—either as a blood relation or through marriage.

15. Upon information and belief, during some or all times since May 2007 and the present, Osorio and Betancourt lived in the same abode.

16. Through informal discovery in this matter and its own investigation, State Farm has determined that the calls Osorio complains about were made for the purposes of collecting valid debts by State Farm (or its authorized agents) from its customer, Betancourt, with whom State Farm had an existing business relationship.

17. To the extent Osorio seeks to hold State Farm liable under the TCPA, State Farm seeks common law and contractual indemnification from Betancourt as these calls were made in a valid effort to collect an existing business debt from an individual with whom State Farm had an established business relationship.

18. State Farm also seeks to hold Betancourt liable for breach of contract and negligent misrepresentation for the amount of any judgment Osorio recovers against State Farm because Betancourt agreed, warranted, promised and represented to State Farm that the telephone number 754-244-8626 belonged to her and that State Farm was authorized to call her on that number to discuss matters relating to her credit card account, including to attempt to collect amounts owing on the account.

19. State Farm also seeks repayment of the amount that Betancourt owes under her credit card agreement with State Farm.

20. All conditions precedent to bringing this action have been satisfied by State Farm or have been waived by Betancourt.

21. State Farm has retained the undersigned attorneys to represent it in this action and has agreed to pay its attorneys a reasonable fee for their services.

**COUNT ONE**

**<u>COMMON LAW INDEMNIFICATION</u>**

State Farm re-alleges the allegations set forth in paragraphs 1-18, 21-22 above, as if fully set forth herein.

22. The credit agreement between State Farm and Betancourt formed a legal and special relationship between those two parties that existed prior to any of the calls alleged in Osorio's complaint.

23. This is a special relationship that gives rise to a duty for Betancourt to indemnify and hold harmless State Farm for any damages that State Farm may suffer in connection with providing credit to Betancourt and seeking collection of past due amounts as allowed by the contractual arrangement between these parties.

24. Osorio has alleged that he was damaged when he allegedly received unsolicited telephone calls "for many months" prior to his filing of the complaint in this action.

25. There is a qualitative distinction between State Farm's conduct and Betancourt's conduct with respect to the acts and/or omissions alleged in Osorio's complaint in that any of the alleged complained of calls were necessitated and caused by Betancourt consistently refusing to honor her contractual obligations to pay her credit card billing statements and providing to State Farm the cellular telephone number that Plaintiff alleges belongs to him as her own and agreeing with, and warranting, promising and representing to State Farm that it could lawfully call her on that cellular telephone number to discuss her account and to seek payment for past due amounts.

26. State Farm's alleged liability to Osorio is solely derivative of Betancourt's actions in allowing herself to become indebted to State Farm and consistently not paying her credit card billing statements on time, and in authorizing State Farm to call the cellular telephone number that Plaintiff claims belongs to him but that Betancourt agreed, warranted, promised and represented was her own.

27. The damages Osorio alleges in his complaint, if any, are a result of Betancourt's acts or omissions.

28. State Farm is without fault in causing Osorio's alleged damages.

29. The relationship between State Farm and Betancourt establishes a right of indemnity in State Farm against Betancourt regarding the allegations in Osorio's complaint.

30. Should Osorio be awarded any sums, including any damages, costs or attorneys' fees against State Farm, any such liability on the part of State Farm results from the acts or omissions of Betancourt.

31. Accordingly, Betancourt should indemnify State Farm for all amounts for which State Farm may be liable to Osorio, including any damages, costs, attorneys' fees, or any other sums State Farm is assessed.

WHEREFORE, third-party plaintiff, State Farm, prays that, in the event judgment is entered against State Farm and in favor of plaintiff, Osorio, judgment be entered in favor of third-party plaintiff, State Farm, and against third-party defendant, Betancourt, in the amount of any judgment entered against State Farm, and that State Farm be awarded its attorneys' fees, interest, the cost of this suit, and any other relief the Court finds just and proper.

## COUNT TWO
## CONTRACTUAL INDEMNIFICATION

State Farm re-alleges the allegations set forth in paragraphs 1-18, 21-22 above, as if fully set forth herein.

32. The credit card agreement between State Farm and Betancourt formed a legal contractual relationship between those two parties that existed prior to any of the calls alleged in Osorio's complaint.

33. In connection with her credit card agreement, Betancourt received a "State Farm Bank Credit Card Agreement and Disclosure Statement," which sets out terms and conditions of the contractual relationship between State Farm and Betancourt.

34. Under the heading "Collection Costs," the State Farm Bank Credit Card Agreement and Disclosure Statement provides that: "If you are in default, unless prohibited by applicable law, you agree to pay us or reimburse us for all costs and disbursements, including reasonable attorney's fees, we pay or incur in legal proceedings (including bankruptcy proceedings) to collect or enforce the debt you owe under this Agreement."

35. Pursuant to this provision, Betancourt agreed to contractually indemnify State Farm against loss or damages by reason of liability to a third-party that State Farm incurs in connection with pursuing collection of the debt Betancourt owed State Farm under the agreement.

36. Osorio has alleged that he was damaged when he allegedly received unsolicited telephone calls "for many months" prior to the filing of his complaint.

37. State Farm's alleged liability to Osorio is solely derivative of Betancourt's actions in allowing herself to become indebted to State Farm and consistently not paying her credit card billing statements on time, and in providing the cellular telephone number that Plaintiff alleges belongs to him as her own and agreeing, warranting, promising and representing that State Farm could lawfully call that cellular telephone number to discuss her account and to seek payment for past due amounts.

38. The conduct causing State Farm's alleged liability to Osorio occurred in connection with State Farm seeking to collect a valid debt from Betancourt under the agreement.

39. The relationship between State Farm and Betancourt establishes a right of contractual indemnity in State Farm against Betancourt regarding the allegations in Osorio's complaint.

40. Should Osorio be awarded any sums, including any damages, costs or attorneys' fees, against State Farm, any such liability on the part of State Farm results from the acts or omissions of Betancourt.

41. Accordingly, Betancourt should contractually indemnify State Farm for all amounts for which State Farm may be liable to Osorio, including any damages, costs, attorneys' fees, or any other sums State Farm is assessed, pursuant to the Collection Costs provision of State Farm Bank Credit Card Agreement and Disclosure Statement as well as Betancourt's contractual agreement and authorization given to State Farm to call the cellular telephone number Plaintiff claims belongs to him, but which Betancourt agreed, warranted, promised and represented belonged to her.

WHEREFORE, third-party plaintiff, State Farm, prays that, in the event judgment is entered against State Farm and in favor of plaintiff, Osorio, judgment be entered in favor of third-party plaintiff, State Farm, and against third-party defendant, Betancourt in the amount of any judgment entered against State Farm, and that State Farm be awarded its attorneys' fees, interest, the cost of this suit, and any other relief the Court finds just and proper.

## COUNT THREE
### BREACH OF CONTRACT

State Farm re-alleges the allegations set forth in paragraphs 1-17, 19-22 above as if fully set forth herein.

42. State Farm and Betancourt entered into a valid and binding contract.

43. In connection with this contract, State Farm agreed to provide credit to Betancourt and Betancourt agreed to pay the amounts due upon being billed with approximately monthly statements.

44. In connection with entering this agreement, Betancourt provided to State Farm telephone number 754-244-8626 as her own and agreed, warranted, promised and represented that the telephone number belonged to her and that State Farm could lawfully call her on that number to discuss her account, including to seek collection of amounts due by Betancourt under the account agreement.

45. State Farm performed its obligations under the contract in accordance therewith.

46. Specifically, State Farm extended credit to Betancourt and sent her billing statements at approximately monthly intervals.

47. The efforts that State Farm has undertaken to be paid back for the credit extended to Betancourt, including calls made to 754-244-8626, have been consistent with the terms of the contract between Betancourt and State Farm.

48. If Osorio's allegations are determined to be true, that he owns the cellular telephone number 754-244-8626 and State Farm's calls to that number were unauthorized and unlawful, Betancourt breached the terms of her contract with State Farm and her agreement, warranty, and promise that the telephone number belonged to her and State Farm could lawfully call that number to discuss her account or to attempt collection of past due amounts on the account.

49. Betancourt has further breached the contract by not timely paying the amounts of money that she owes State Farm pursuant to the credit extended her under the credit agreement.

50. As a result of Betancourt's breaches of contract, State Farm has suffered damages, including: (a) damages incurred as result of Osorio's lawsuit, including the amount of any judgment entered in favor of Osorio against State Farm, as well as State Farm's own attorneys'

fees and costs; and (b) the amount owed by Betancourt to State Farm under the contract for the credit State Farm extended on her behalf, plus interest, penalties, attorneys' fees and costs.

WHEREFORE, third-party plaintiff, State Farm, demands judgment in its favor and against third-party defendant, Betancourt for damages incurred as result of Osorio's lawsuit, including the amount of any judgment entered in favor of Osorio against State Farm, as well as State Farm's own attorneys' fees and costs, the amount owed by Betancourt to State Farm under the contract for the credit State Farm extended on her behalf, plus interest, penalties, attorneys' fees and costs, and such further relief as this Court deems just and proper.

## COUNT FOUR
### NEGLIGENT MISREPRESENTATION

State Farm re-alleges the allegations set forth in paragraphs 1-17, 19-22 above as if fully set forth herein.

51. Betancourt induced State Farm to enter into the credit card agreement by representing to State Farm in her application that the telephone number 754-244-8626 belonged to her and that State Farm could lawfully call her on that telephone number with regard to her credit account.

52. If Osorio's allegations in this case are determined to be true, Betancourt's representations to State Farm were false.

53. Upon information and belief, Betancourt was located in Broward County, Florida, when she represented to State Farm, through a State Farm agent in Broward County, Florida, that telephone number 754-244-8626 belonged to her and that State Farm could lawfully call her at that number to try to collect amounts due and owing on her account with State Farm.

54. Betancourt's representations to State Farm were made on or about May 10, 2007.

55. Betancourt's representations to State Farm were made in writing through an online account application.

56. If Betancourt's representations were false, as alleged by Osorio, she either knew or should have known they were false, thus, Betancourt was at least negligent in making the representations.

57. In making the representations, Betancourt knew or should have known that the representations would induce State Farm to act by extending her credit, entering the credit card agreement, and calling her on the telephone number she represented to State Farm was her own if it needed to discuss with her any issues with regard to her credit card account.

58. State Farm has suffered damages as a result of its reasonable and justifiable reliance on Betancourt's representations. Such damages include: (a) damages incurred as result of Osorio's lawsuit, including the amount of any judgment entered in favor of Osorio against State Farm, as well as State Farm's own attorneys' fees and costs; and (b) the amount owed by Betancourt to State Farm under the contract for the credit State Farm extended on her behalf, plus interest, penalties, late fees, attorneys' fees and costs.

WHEREFORE, third-party plaintiff, State Farm, demands judgment in its favor and against third-party defendant, Betancourt, for damages incurred as result of Osorio's lawsuit, including the amount of any judgment entered in favor of Osorio against State Farm, as well as State Farm's own attorneys' fees and costs, the amount owed by Betancourt to State Farm under the contract for the credit State Farm extended on her behalf, plus interest, penalties, late fees attorneys' fees and costs, and such further relief as this Court deems just and proper.

## COUNT FIVE
## ACCOUNT STATED

State Farm re-alleges the allegations set forth in paragraphs 1-6, 9-11, 20-22 above as if fully set forth herein.

59. Before the institution of this action, State Farm and Betancourt had a credit card agreement.

60. As part of this agreement, Betancourt agreed that she would pay the amount due and owing to State Farm as reflected on billing statements that State Farm issued to Betancourt for the credit that State Farm extended to Betancourt.

61. State Farm has rendered credit card billing statements approximately each month since Betancourt opened a credit account with State Farm in or about May 2007 through in or about May 2011.

62. By agreeing to pay amounts owed on each statement, Betancourt made an express promise to pay the balance that is now due on her account with State Farm.

63. State Farm issued its most recent billing statement to Betancourt on May 28, 2011 in the amount of $7,945.10. This sum remains unpaid.

64. Betancourt has never objected to or contested any charge on the credit card statements sent to her by State Farm, including the statement dated May 28, 2011.

65. Betancourt has thereby agreed that the amount reflected in those credit card billing statements, and specifically, the May 28, 2011 statement, is, in fact, owed by her to State Farm.

66. As of the billing statement with closing date of May 28, 2011, Betancourt owed the sum of $7,945.10, and has made no payment on that indebtedness. Betancourt continues to

owe that amount, plus interests, penalties, late fees, costs and attorneys' fees under the terms of the billing statement and credit agreement.

WHEREFORE, third-party plaintiff, State Farm Bank, demands judgment in its favor and against the third-party defendant, Betancourt, for the amount of $7,945.10, together with interest, penalties, late fees, the costs of this action, attorneys' fees, and such further relief as this Court deems just and proper.

**COUNT SIX**
**OPEN ACCOUNT**

State Farm re-alleges the allegations set forth in paragraphs 1-6, 9-11, 20-22 above as if fully set forth herein.

67.   As of the billing statement with closing date of May 28, 2011, Betancourt owed the sum of $7,945.10, and has made no payment on that indebtedness.  Betancourt continues to owe that amount to State Farm, plus interests, penalties, late fees, costs and attorneys' fees under the terms of the billing statement and credit agreement.

68.   State Farm issued its most recent bill to Betancourt on May 28, 2011 in the amount of $7,945.10.  This sum remains unpaid.

69.    Betancourt has never objected to or contested any charge on the credit card statements sent to her by State Farm, including the statement dated May 28, 2011.

70.   Betancourt, thereby, has agreed that the amount reflected in those credit card billing statements, and specifically, the May 28, 2011 statement is, in fact, owed by her to State Farm.

WHEREFORE, third-party plaintiff, State Farm Bank, demands judgment in its favor and against the third-party defendant, Betancourt, for the amount of $7,945.10, together with interest,

penalties, late fees, the costs of this action, attorneys' fees, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Third-party plaintiff, State Farm hereby demands a trial by jury on all issues so triable.

Dated: December 29, 2011

s/ Aaron S. Weiss

Paul L. Nettleton (396583)
E-mail: pnettleton@carltonfields.com
Aaron Weiss (48813)
E-mail: aweiss@carltonfields.com
Carlton Fields, P.A.
100 SE Second Street, Suite 4200
Miami, Florida  33131
Telephone: (305) 530-0050
Facsimile:  (305) 530-0055

*Attorneys for Defendant/ Third-Party Plaintiff State Farm Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<i>s/ Aaron S. Weiss</i>

Aaron S. Weiss

## SERVICE LIST

*Osorio v. State Farm Bank, F.S.B.*
CASE NO. 11-61880-cv-MIDDLEBROOKS/JOHNSON

Donald A. Yarbrough, Esq.
E-mail: donyarbrough@mindspring.com
P.O. Box 11842
Ft. Lauderdale, FL 33339
Tel: 954-537-2000
Fax: 954-566-2235
(Via CM/ECF)
*Attorney for Plaintiff*

Clara Betancourt
3610 SW 40th Street
West  Park, Florida 33023
(To be delivered on December 30, 2011
 for service via a process server)
*Third-Party Defendant*