UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61880-Civ-Middlebrooks/Johnson

FREDY D. OSORIO,

      Plaintiff,

v.

STATE FARM BANK, F.S.B.,

      Defendant.

_____/

STATE FARM BANK, F.S.B.,

      Third-Party Plaintiff,

v.

CLARA BETANCOURT,

      Third-Party Defendant.

_____/

## THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD-PARTY COMPLAINT

      Third Party Defendant, Clara Betancourt, files this Motion to Dismiss the Third-Party Complaint (DE 13) and, in support thereof, states as follows:

### INTRODUCTION

1.     On December 29, 2011, State Farm Bank, F.S.B. ("State Farm") filed a Third-Party Complaint against Clara Betancourt. State Farm's Complaint should be dismissed for failure to state a cause of action under Fed. R. Civ. P. 12b(6), because the facts alleged, namely, that Ms. Betancourt provided her friend Freddy Osorio's cellular number, 754-244-8626, ("Osorio's cellular number"), to State Farm when she took out an

application for credit in May of 2007 (Third Party Complaint, DE 13, paragraphs 6 and 7), could *never* have happened, because Mr. Osorio's phone number did not come into existence until October 2008, and because even if the facts State Farm alleges were true, those facts do not establish a cause of action, because State Farm does *not* allege that Ms. Betancourt ever represented that State Farm could call Mr. Osorio's cellular number using an automatic telephone dialing system. State Farm merely alleges that Ms. Betancourt gave State Farm Mr. Osorio's cellular number as a telephone number at which she could be reached. Ms. Betancourt denies this fact, but even if this fact were true, State Farm's legal liability to Mr. Osorio does not accrue because State Farm merely called the number – it accrues because State Farm used an automatic telephone dialing system to call Mr. Osorio's number approximately 329 times without his consent. State Farm could have called Mr. Osorio, who is a friend of Ms. Betancourt's, in order to reach Ms. Betancourt. However, State Farm did *not* have Mr. Osorio's consent to call his number with an automatic telephone dialing system, nor did State Farm have any consent from Ms. Betancourt to call Mr. Osorio's number with an automatic telephone dialing system, nor are either of those facts, the *only* facts that could lead to liability, alleged.

2.       The allegation in State Farm's Third Party Complaint (DE 13) against Ms. Betancourt, at paragraph 7, that Ms. Betancourt provided Mr. Osorio's phone number to State Farm when she took out her application could *never* have occurred, because the number did not exist at that time. Attached as Exhibit "A," are the records produced by Metro PCS in response to State Farm's Subpoena, clearly evincing that Mr. Osorio did not obtain his telephone number until October 16, 2008. Thus the Third Party Complaint

is a sham intended to put pressure on Ms. Betancourt to indirectly pressure Mr. Osorio into giving up his own claim against State Farm. Most importantly, even if the facts State Farm alleges were true, State Farm has failed to state a cause of action because it never alleged that Ms. Betancourt negligently or otherwise represented to State Farm that she gave consent to call Mr. Osorio's cellular number *using an automatic telephone dialing system*.

3.      Moreover, Counts Five and Six of State Farm's Complaint should be dismissed for lack of jurisdiction, because these counts do not meet the standards for supplemental jurisdiction, because they raise different issues of law and fact completely unrelated to Plaintiff, Freddy D. Osorio's claim against State Farm, because they require different evidence completely unrelated to Plaintiff, Freddy D. Osorio's claim against State Farm, and because State Farm's attempt to collect on a debt owed by Clara Betancourt bears no logical relationship to Freddy D. Osorio's claim against State Farm for placing automated calls without his consent. The mere fact that State Farm made its calls in an attempt to collect Clara Betancourt's debt is not sufficient to sustain supplemental jurisdiction because the proof of the credit card debt, namely that credit was extended and that Ms. Betancourt failed to pay, are facts totally unrelated to whether State Farm called Mr. Osorio's cellular telephone number using an automated telephone dialing system.

## **MOTION TO DISMISS STANDARD**

4.      Under Fed. R. Civ. P. 12(b)(6), a claim may be dismissed either because it asserts a legal theory that is not recognizable as a matter of law or because the factual tale alleged is implausible. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (U.S. 2007). The

Court should not accept legal conclusions couched or masquerading as facts, Third-Party

Plaintiff State Farm must allege enough *facts* to raise their claims beyond speculation:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations, <u>Sanjuan v. American Bd. of Psychiatry
> and Neurology, Inc.,</u> 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation
> to provide the "grounds" of his "entitle[ment] to relief" requires more than
> labels and conclusions, and a formulaic recitation of the elements of a cause
> of action will not do.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (U.S. 2007).

## <u>ARGUMENT</u>

5.      State Farm's Complaint must be dismissed because State Farm has not alleged a

single fact that would give rise to Ms. Betancourt being contractually, negligently, or

otherwise obligated to indemnify State Farm, and because State Farm has not alleged a

single fact that satisfies the elements of a negligence claim against Ms. Betancourt. The

issue here is not whether or not the telephone number was provided, although the facts

clearly show that Ms. Betancourt could *never* have provided Mr. Osorio's telephone

number on her credit application because it did not even exist at that time. The issue here

is that State Farm has *not* alleged that Ms. Betancourt negligently or otherwise

represented to State Farm that it had consent to call Mr. Osorio's telephone number with

an automatic telephone dialing system. Her express consent to State Farm that it could

place calls to Mr. Osorio's telephone number with an automatic telephone dialing system

is the *only* fact that could give rise to liability on Ms. Betancourt's part – and this fact is

not alleged. Moreover, State Farm has failed to adequately plead a cause of action for

negligence in particular, as State Farm has failed to allege that Ms. Betancourt breached a

duty to State Farm, or that Ms. Betancourt's breach was the cause of State Farm's actions. For Ms. Betancourt's actions to be the cause of State Farm's conduct, Ms. Betancourt would have had to expressly consent to Defendant's placement of automated calls to Mr. Osorio's telephone number – a fact which did not occur and is not alleged. State Farm's Third Party Complaint (DE 13) alleges at paragraphs 6 and 7, that on or about May 10, 2007, as part of her credit application to State Farm, Betancourt provided Mr. Osorio's telephone number to State Farm. However, Mr. Osorio's MetroPCS telephone records obtained by State Farm's subpoena to MetroPCS and attached as Exhibit "A," show that Mr. Osorio did not obtain the telephone number until October 16, 2008. Thus, State Farm's contention that Ms. Betancourt provided Mr. Osorio's phone number to it in May of 2007 cannot be true.

6.      Regarding State Farm's claim for contractual indemnification from Ms. Betancourt for its attorneys fees and any judgments or damages that it incurs in defending Mr. Osorio's suit: those amounts are not incurred in an effort to "collect or enforce the debt" (See Third Party Complaint, DE 13 paragraph 34) Ms. Betancourt allegedly owes under her alleged credit card agreement with State Farm, which, by the way, is not attached to the Complaint. State Farm further alleges in paragraph 41 that it is specifically seeking from Ms. Betancourt the damages it may become obligated to pay Mr. Osorio, and the attorney's fees it incurs in defending Mr. Osorio's claim. The damages due Mr. Osorio and the attorney's fees State Farm incurs in defending that claim are not amounts incurred for the purpose of collecting Ms. Betancourt's alleged debt, nor are they amounts incurred in an effort to enforce Ms. Betancourt's alleged debt. State

Farm is alleged to have violated the TCPA against a third-party, Mr. Osorio, and nothing about placing calls to Mr. Osorio could ever be construed as an effort to collect or enforce Ms. Betancourt's alleged debt. The TCPA violation creates independent liability, unrelated to the enforcement or collection of the debt. Under State Farm's theory, Ms. Betancourt would become liable to it if one of its employees got into a fistfight with Mr. Osorio while improperly asking him to pay Ms. Betancourt's debt. State Farm simply incurred liability to Mr. Osorio when it called his cellular number without his consent, and without Ms. Betancourt's consent, as State Farm never alleges that Ms. Betancourt provided consent to call Mr. Osorio's cellular number with an automatic telephone dialing system.

7.     The remaining counts must be dismissed for lack of jurisdiction. State Farm's pleading does not meet the requirements for federal question jurisdiction because its state law claims, for account stated and open account, are not based upon federal law, and thus there is no federal question implicated by the Complaint. State Farm does not meet the requirements for diversity jurisdiction, because the amount in controversy is $7,945.10, well below the $75,000.00 minimum amount required. The only possibility for jurisdiction to hear this claim is supplemental jurisdiction. State Farm's Complaint does not meet the requirements for supplemental jurisdiction because the proof of facts to prove that Ms. Betancourt owes a credit card bill are completely and totally unrelated to the proof of facts that State Farm called Mr. Osorio's cellular number using an automated telephone dialing system without his consent. Plaintiff's claim against State Farm alleges violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

The only facts that Plaintiff must establish to prevail on this claim is that State Farm used an automatic telephone dialing system or prerecorded message to place calls to his cellular telephone without his consent. His claim does not require a finding as to whether or not the debt was valid, or even a finding as to why the calls were placed – the fact that State Farm placed its calls in an attempt to collect a debt is not an element of Plaintiff's case. State Farm's Complaint requires a determination that the alleged contract of the parties was valid, that Ms. Betancourt used funds from the credit card and that payments were not made. None of these elements has anything to do with Plaintiff. State Farm's Complaint also requires proof that an account existed and that charges were properly billed to the account. The TCPA and the state law claims do not have even a single shared element of proof, thus the state law claims must be dismissed for lack of supplemental jurisdiction.

WHEREFORE, Ms. Betancourt respectfully requests this Court enter an order dismissing the Third-Party Complaint (DE 13).

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61880-Civ-Middlebrooks/Johnson

FREDY D. OSORIO,

      Plaintiff,

v.

STATE FARM BANK, F.S.B.,

      Defendant.
_____/

STATE FARM BANK, F.S.B.,

      Third-Party Plaintiff,

v.

CLARA BETANCOURT,

      Third-Party Defendant.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on <u>February 13, 2012</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                         <u>s/Donald A. Yarbrough</u>
                                         Donald A. Yarbrough, Esq.

## **SERVICE LIST**

Mr. Paul L. Nettleton, Esq.
Carlton Fields, P.A.
Suite 4200, Miami Tower
100 SE Second Street
Miami, FL 33131
Telephone: 305-530-0050
Facsimile: 305-530-0055

Via Notices of Electronic Filing generated by CM/ECF