UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61880-cv-MIDDLEBROOKS/JOHNSON

FREDY D. OSORIO,

      Plaintiff,

v.

STATE FARM BANK, F.S.B.,

      Defendant / Counter-Plaintiff

v.

CLARA BETANCOURT

      Counter-Defendant

_____/

**THIRD-PARTY PLAINTIFF'S MOTION FOR
<u>SUMMARY JUDGMENT AGAINST THIRD-PARTY DEFENDANT</u>**

Third-Party Plaintiff, State Farm Bank, F.S.B. ("State Farm Bank"), moves pursuant to Fed. R. Civ. P. 56 for final and partial summary judgment on its claims against Third-Party Defendant, Clara Betancourt ("Betancourt"). In support of this motion, State Farm Bank adopts the following memorandum of law.

<u>**INTRODUCTION**</u>

Through this motion for summary judgment State Farm Bank seeks the following:

(1)      final summary judgment against Betancourt for all amounts due on her State Farm Bank credit card, including interest accruing since June 1, 2011, and for attorneys' fees and costs incurred in recovering this judgment, the amount of such fees and costs to be determined post-judgment on appropriate motion; and

(2)      partial summary judgment against Betancourt finding her liable to State Farm Bank for any judgment, including costs, Plaintiff, Fredy D. Osorio ("Osorio") may obtain in this action against State Farm Bank, along with attorneys' fees and costs State Farm Bank incurs in

1

defending against Osorio's Telephone Consumer Protection Act claim in this action, the amount of such fees and costs to be determined on subsequently presented evidence or on post-judgment motion.

### PROCEDURAL BACKGROUND

On August 23, 2011, Osorio filed a one-count complaint against State Farm Bank, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). [D.E. 1]. Osorio alleges that State Farm Bank made calls to his cellular telephone number with an automatic dialer for non-emergency purposes and without consent, allegedly in violation of the TCPA. *See id.* at ¶¶ 6-8. The undisputed evidence establishes that the calls about which Osorio complains were actually made to Third-Party Defendant, Clara Betancourt ("Betancourt), with express consent and for the purpose of collecting a valid debt owed to State Farm Bank by Betancourt.

On December 19, 2011, State Farm Bank filed a motion seeking leave, pursuant to Fed. R. Civ. P. 14(a), to file a third-party complaint for common law indemnification and contractual indemnification against Betancourt, as the calls were made in an effort to collect a valid debt from an individual with whom State Farm Bank had an existing relationship, and were made to a telephone number that Betancourt agreed, warranted, promised and represented was her own and could be lawfully called by State Farm Bank to discuss her account. *See* [D.E. 11]. State Farm Bank also sought, pursuant to Fed. R. Civ. P. 14(a), to bring claims for breach of contract and negligent misrepresentation against Betancourt, seeking as damages the amount of any judgment Osorio obtains against State Farm Bank in this action, as well as additional damages. *Id.* Finally, pursuant to Fed. R. Civ. P. 18(a), State Farm Bank sought to join third-party claims against Betancourt for account stated and open account. *Id.* On December 21, 2011, the Court granted State Farm Bank's motion in its entirety.

2

In response to the third-party complaint, Betancourt filed a motion to dismiss, arguing, among other things, that she could not have provided to State Farm Bank the telephone number 754-244-8626 because it "did not come into existence until October 2008." [D.E. 22]. Betancourt and Osorio has since admitted that this argument was false because the number existed at the time she completed her State Farm Bank credit card application and provided that number to State Farm Bank (Betancourt Depo. at 72-73; Osorio Depo. at 22-24), and Betancourt has since withdrawn the argument. [D.E.34] Betancourt's motion to dismiss otherwise remains pending.

## FACTUAL BACKGROUND

State Farm Bank moves for summary judgment against Betancourt based on the following undisputed material facts.[1]

### Betancourt's Application For A State Farm Bank Credit Card

On May 10, 2007, Betancourt submitted an electronic application for a credit card account to State Farm Bank through the Mike Campbell Insurance Agency. (CSUMF ¶ 7-8) Luis Merced, an employee of the Mike Campbell Insurance Agency, met with Betancourt and submitted the application to State Farm Bank. (*Id.* ¶ 7-9)  The Mike Campbell Insurance Agency, although an independent contractor like all other State Farm agents, is an exclusive agent of the State Farm companies and is authorized to sell State Farm products for the various State Farm companies. (*Id.* ¶ 10) In this regard, it is authorized to submit electronic applications for credit card accounts on behalf of prospective customers to State Farm Bank, such as the electronic application submitted on behalf of Betancourt on May 10, 2007. (*Id.* ¶ 11)

---

[1] The undisputed material facts set forth herein are taken from State Farm Bank's Consolidated Statement of Undisputed Materials Facts ("CSUMF"), filed separately pursuant to S.D. Fla. L.R. 56.1(a). State Farm Bank's CSUMF contains references to the record evidence in support of the material facts and reference herein is, for the most part, made only to the CSUMF.

State Farm Bank requires an applicant for a credit card to provide a telephone number, along with other information, before State Farm Bank will consider an application for a credit card. (*Id.* ¶ 12) The applicant can provide a home, work or cellular telephone number, and State Farm's electronic application contains a field for each, but the applicant need only provide a single telephone number. (*Id.* ¶ 13) Betancourt provided to State Farm Bank on her application the number 754-244-8626, representing and warranting that it was her cellular telephone number. (*Id.* ¶ 16)  Betancourt's application for a credit card was approved and State Farm Bank mailed to Betancourt a credit card, along with the State Farm Bank Credit Card Agreement and Disclosure Statement that sets out the terms and conditions of the contractual relationship between State Farm Bank and Betancourt. (*Id.* ¶ 17)

### Betancourt's Changes To Her State Farm Bank Credit Card Account Information

Betancourt's first State Farm Bank credit card statement had a closing date of May 26, 2007. (*Id.* ¶ 18) After her receipt of that first statement, in early June 2007, Betancourt filled out a change of address form on the back of the statement and mailed it to State Farm Bank. (*Id.* ¶ 19) On that form, Betancourt requested State Farm Bank to change the municipality for her address from Hollywood to West Park and she also requested that State Farm Bank update its records to reflect that her work phone number changed to 754-244-8626. (*Id.* ¶ 20)  On June 14, 2007, per Betancourt's request on the change of address form, State Farm Bank updated its records to reflect Betancourt's work telephone number was 754-244-8626. (*Id.* ¶ 21)

Betancourt called into State Farm Bank's customer service line to make two additional changes to her contact information before her account went into default. (*Id.* ¶ 22) On May 29, 2008, Betancourt requested that State Farm Bank update its records to reflect her home phone number had changed to 754-244-8626. (*Id.* ¶ 23)  On September 29, 2010, Betancourt requested

4

that State Farm Bank update its records to reflect her home phone number had changed again, this time to 754-244-5645. (*Id.*) State Farm Bank updated its records accordingly on each of these dates. (*Id.*) At no time since then did Betancourt request her contact information be updated or changed. (*Id.* ¶ 24)

### Betancourt's Default

From the time Betancourt opened her credit card account in May 2007 through May 2011, State Farm Bank mailed Betancourt credit card statements or bills on an approximately monthly basis for whatever outstanding credit card debt Betancourt had accrued. (*Id.* ¶ 26) Betancourt paid at least the minimum amounts due on her monthly statements for several years after the account was open. (*Id.* ¶ 28) However, Betancourt failed to make any payment on her statement with a closing date of October 26, 2010 before the due date as reflected in her statement with a closing date of November 26, 2010.  (*Id.*) Betancourt has made no payments on her account since that date. (*Id.*) Betancourt admits she owes State Farm Bank the outstanding balance on her credit card account and never disputed any of the charges for credit advanced to her as reflected on the billing statements. (*Id.* ¶ 27, 36)

### State Farm's Attempts To Collect Betancourt's Debt

State Farm Bank outsources its credit card collection activity and makes no collection calls itself. (*Id.* ¶ 29)  In this case, in November 2010, State Farm Bank authorized FMS, Inc. ("FMS"), to seek collection of the debt owed on Betancourt's account from Betancourt. (*Id.*) State Farm Bank provided to FMS Betancourt's home number (754-244-5645) and her work number (754-244-8626) as reflected in its records at that time. (*Id.*)

In its attempts to collect Betancourt's credit card debt, State Farm Bank, through its collection agency, FMS, called Betancourt at both her home number (754-244-5645) and her

work number (754-244-8626). (*Id.* ¶ 30)   These calls began on November 29, 2010 and concluded on May 31, 2011. (*Id.*) Each and every call made to 754-244-8626 by FMS on behalf of State Farm Bank was made to Betancourt in an effort to collect a valid debt she owed to State Farm Bank. (*Id.* ¶ 31)

For the most part, the calls made by FMS resulted in no answers or hang ups with no communication. However, a number of contacts were made with both female and male persons answering the calls, including those made to 754-244-8626.   On no occasion did any person answering the calls, when being asked if Betancourt was available, advise the caller that it was not Betancourt's number, the caller was calling a wrong number, or that the number called was to a cell phone not belonging to Betancourt.   To the contrary, on some of the calls, the answering person simply indicated Betancourt was not available.   This indicates that this was an appropriate number at which to reach Betancourt.   (*Id.* ¶ 32; Recordings of Calls)[2]

On or about June 1, 2011, State Farm Bank "charged off" the balance due on Betancourt's account as bad debt. (CSUMF ¶ 33) This was purely for accounting purposes and Betancourt continues to owe her debt to State Farm Bank. (*Id.*) As of June 1, 2011, Betancourt was indebted to State Farm Bank in the amount of $7,945.10, in principal, accrued interest through that date, and late fees through that date, as reflected on the last statement sent to Betancourt with closing date of May 26, 2011. (*Id.* ¶ 36) Betancourt has never made any payment on this outstanding debt and continues to owe the debt to State Farm Bank. (*Id.)* State Farm Bank has never sold or transferred this debt to any third party. (*Id.*) Betancourt admits she owes the outstanding balance on her credit card account. (*Id.* ¶ 27, 36)

---

[2] State Farm Bank is filing a motion for leave to file disks containing the audio recordings of the calls made to both numbers when contact was made.

By providing State Farm Bank the telephone number 754-244-8626 as her cellular telephone number and, later, as her work number, Betancourt represented and warranted to State Farm Bank that the telephone number belonged to her and that State Farm Bank could call her on that number to discuss her account with State Farm Bank. (*Id.* ¶ 37) When a customer provides a telephone number to State Farm Bank, the customer is expressly consenting to have State Farm Bank call the customer at that number. (*Id.*) State Farm Bank relied on Betancourt providing truthful and accurate information to it, including keeping her contact information current and correct, in extending her credit during the time period her credit card account remained open through June 1, 2011. (*Id.* ¶ 37) State Farm Bank further relied on Betancourt's representation in the change of address form she provided to State Farm Bank that 754-244-8626 was her work telephone number by updating its records to so reflect, by providing that number as Betancourt's work telephone number to FMS to call Betancourt after Betancourt went into default on her credit card account with State Farm Bank, and by calling Betancourt on that number, through FMS, to discuss her account and to attempt to collect the amounts she owed to State Farm Bank. (*Id.*)

Because Betancourt warranted and represented to State Farm Bank that 754-244-8626 was her work number, State Farm Bank, through its collection agency, FMS, made the numerous calls at issue to Betancourt at that number in an attempt to collect the debt Betancourt owed State Farm Bank on her credit card account, including calls made with an autodialer. (*Id.* ¶ 40) Neither State Farm Bank nor its collection agency, FMS, would have made any of the calls to that number but for the fact that Betancourt warranted and represented to State Farm Bank that it was her work number and consented to and authorized State Farm Bank to call her on that

number to discuss her account, including for purposes of collecting past due amounts on the account. (*Id.*)

<u>**This Lawsuit**</u>

Before this lawsuit was commenced, no one ever told State Farm Bank that the number 754-244-8626 was not Betancourt's telephone number. (*Id.* ¶ 39) It was only after the commencement of this lawsuit that State Farm Bank was told, through counsel for Osorio, that the number 754-244-8626 allegedly did not belong to Clara Betancourt but allegedly belonged to Osorio. (*Id.*) Because the calls to that number have resulted in Osorio's lawsuit against State Farm Bank, Betancourt should be liable to State Farm Bank for any judgment Osorio might recover against State Farm Bank, along with its attorneys' fees and costs in defending Osorio's claim. (*Id.* ¶ 40)

**STATE FARM BANK IS ENTITLED TO**
<u>**SUMMARY JUDGMENT AGAINST BETANCOURT**</u>

Based on these undisputed facts, summary judgment should be entered in favor of State Farm Bank and against Betancourt on State Farm Bank's claims for open account and account stated, and State Farm Bank's claim for breach of contract, because Betancourt has admitted that she defaulted on her State Farm Bank credit card debt and continues to owe the balance on her credit card account.  Pursuant to the terms of the parties' agreement, the Court should find that State Farm Bank is entitled to judgment against Betancourt for the outstanding debt she owes State Farm Bank, along with attorneys' fees and costs associated with collecting this valid debt from Betancourt.  And, with regard to State Farm's breach of contract claim, the Court should find State Farm Bank is also entitled to recover from Betancourt for any judgment that might be entered against State Farm Bank in favor of Osorio, including the fees and costs associated with defending against Osorio's claim based on calls made seeking payment from Betancourt.

In addition, partial summary judgment for State Farm Bank as to liability should be entered on its claims for breach of contract and negligent misrepresentation because Betancourt was obligated to provide a telephone number where she could be reached to discuss her State Farm Bank credit card account, including non-payment of amounts due, but misrepresented to State Farm Bank that the number Osorio claims belongs exclusively to him was such a number. State Farm Bank has been injured as a result of Betancourt's breach and misrepresentation by being required to defend against Osorio's action, and State Farm Bank will be injured to the extent it is required to continue to defend against Osorio's claim or is found liable to Osorio as a result of the calls it made to Betancourt at the number Betancourt represented and warranted was her number at which she could be called.

Finally, partial summary judgment as to liability should be entered for State Farm Bank on its claims for common law and contractual indemnification because its obligation to defend against Osorio's claim and any liability State Farm Bank may ultimately have to Osorio are entirely derivative of Betancourt's actions in providing 754-244-8626 as her number and consenting to being called by State Farm Bank at the number regarding her credit card account.

## MEMORANDUM OF LAW

## I.   STATE FARM BANK IS ENTITLED TO SUMMARY JUDGEMENT ON ITS CLAIMS FOR ACCOUNT STATED, OPEN ACCOUNT AND BREACH OF CONTRACT WITH REGARD TO BETANCOURT'S CREDIT CARD DEBT.

Betancourt admits that she owes a credit card debt to State Farm Bank.  (Betancourt Depo. at 68: "I'm not denying there's a debt [that] I owe.")  Accordingly, State Farm Bank is entitled to summary judgment against Betancourt in the amount of $7,945.10, with interest from June 1, 2011, on its claims for account stated (Count Five) and open account (Count Six) based Betancourt's failure to make payment of her credit card as required.  Betancourt's admission that

she failed to make payment as contractually required also entitles State Farm Bank to summary judgment on its claim for breach of contract against Betancourt and entitles State Farm Bank to attorneys' fees and costs associated with collecting Betancourt's debt.

      **A.**    **State Farm Bank Is Entitled to Summary Judgment On Its Claims For Account Stated and Open Account Against Betancourt.**

To prevail on a claim for account stated under Florida law, State Farm Bank must establish that: (1) State Farm Bank and Betancourt engaged in a previous transaction; (2) State Farm Bank and Betancourt agree that that the balance is correct and due; and (3) Betancourt made an express or implicit promise to pay the balance. *See, e.g.*, *Myrick v. St. Catherine Laboure Manor, Inc.*, 529 So. 2d 369, 371 (Fla. 1st DCA 1988); *F.D.I.C. v. Brodie*, 602 So. 2d 1358, 1361 (Fla. 3d DCA 1992); s*ee also* Fla. R. Civ. P., Form 1.932 (model form for open account claim).

Under Florida law, the "three essential elements of an action on open account … are: (1) that a sales contract existed between the creditor and debtor; (2) that the amount claimed by the creditor represents either the agreed on sales price or the reasonable value of the goods delivered; and (3) that the goods were actually delivered." *Evans v. Delro Industries, Inc*., 509 So. 2d 1262, 1263 (Fla. 1st DCA 1987) (citing *Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc.,* 376 So. 2d 22, 24 (Fla. 2d DCA 1979)). "Money advanced may form the basis of an open account." *Central Ins. Underwriters, Inc. v. National Ins. Finance Co*., 599 So. 2d 1371, 1373 (Fla. 3d DCA 1992) (citing 1 AM. JUR. 2D ACCOUNTS AND ACCOUNTING § 7 (1962)); *see also* Fla. R. Civ. P., Form 1.932 (model form for open account claim).

State Farm Bank and Betancourt engaged in a transaction at the time Betancourt applied for and was approved for a State Farm Bank credit card, and again each time Betancourt made a purchase using the State Farm Bank credit card for which she would become indebted to State

Farm Bank for extending credit (money) for her purchases.  *See Farley v. Chase Bank, U.S.A., N.A.*, 37 So. 3d 936, 937 (Fla. 4th DCA 2010) (affirming summary judgment in favor of bank on claim for account stated against credit card holder).  From the time she opened her account in 2007 through the date of default, Betancourt continuously carried a balance on her State Farm Bank credit card from month to month.  State Farm Bank mailed Betancourt monthly statements reflecting the amount owed to State Farm Bank, and Betancourt did not dispute the balance reflected in those statements.  *See Farley*, 37 So. 3d at 936 ("when an account statement has 'been rendered to and received by one who made no objection thereto within a reasonable time,' a prima facie case for the correctness of the account and the liability of the debtor has been made").

As of June 1, 2011, Betancourt owed State Farm Bank $7,945.10 as reflected on the billing statement with a closing date of May 26, 2011.  Betancourt admits that she still owes the full amount and that she is obligated to pay it.  (Betancourt Depo. at 28, 68-69)  Accordingly, State Farm Bank is entitled to summary judgment against Betancourt for $7,945.10—the full amount of her debt—plus interest from June 1, 2011 on its claims for account stated and open account.

   **B.    State Farm Is Entitled To Summary Judgment On Its Claim For Breach Of Contract For The Amount Owed By Betancourt On Her Credit Card Account.**

To establish a claim for breach of contract, a plaintiff must establish the existence of: (1) a valid contract; (2) a material breach; and (3) damages.  *Murciano v. Garcia*, 958 So. 2d 423, 423 (Fla. 3rd DCA 2007).

The contractual relationship between State Farm Bank and Betancourt was based on State Farm Bank's Credit Card Agreement and Disclosure Statement, which State Farm mailed to

Betancourt shortly after she opened her account.   Pursuant to the contract, Betancourt was obligated to make monthly payments if any balance was due on her credit card account:

> You promise to pay us the amounts of all credit you obtain through use of your Card … as provided in this Agreement.   You agree to make your payments in the amounts and at the times provided in this Agreement. Time is of the essence. … You agree to pay each month at least the amount of the Minimum Payment Due shown on your monthly statement by the Payment Due Date shown on the statement.

(Hardwick Decl. Ex. 2; Hardwick Depo. Ex. F)   Betancourt breached her contract with State Farm Bank by failing to make payment as required under this agreement.  (CSUMF ¶ 27-28, 36)

The contract also entitles State Farm Bank to recover its attorneys' fees and costs incurred as a result of attempts to collect Betancourt's debt:

> If you are in default, unless prohibited by applicable law, you agree to pay us or reimburse us for all costs and disbursements, including reasonable attorney's fees, we pay or incur in legal proceedings (including bankruptcy proceedings) to collect or enforce the debt you owe under this Agreement.

(Hardwick Decl. Ex. 2; Hardwick Depo. Ex. F) Betancourt breached the agreement by failing to make payments as required.  (CSUMF ¶ 27-28, 36) State Farm Bank has been damaged in the amount of Betancourt's outstanding debt, plus interest, and is entitled to its attorneys' fees and costs incurred to collect the debt.     Based on the foregoing, State Farm Bank is entitled to summary judgment on its claim for breach of contract.[3]

---

[3] As discussed below, State Farm Bank also seeks recovery by its breach of contract claim against Betancourt of the attorneys' fees and costs it will have incurred in defending against Osorio's claim and for any judgment entered for Osorio against State Farm Bank, which damages arise from Betancourt's separate breach of the contract in failing to provide to State Farm Bank a valid telephone number at which she could be lawfully called by State Farm Bank.

II.   **BENTANCOURT WARRANTED AND MISREPRESENTED THAT 754-244-8626 WAS HER TELEPHONE NUMBER AND STATE FARM BANK COULD LAWFULLY CALL HER AT THAT NUMBER, ENTITLING STATE FARM BANK TO PARTIAL SUMMARY JUDGMENT AS TO LIABILITY ON ITS CLAIMS FOR NEGLIGENT MISREPRESENTATION, BREACH OF CONTRACT, AND COMMON LAW AND CONTRACTUAL INDEMNITY.**

The evidence is undisputed that Betancourt filled out a change of address form about a month after her credit card account was opened with State Farm Bank and requested State Farm Bank to change its records to reflect 754-244-8626 as her work phone number:



Hardwick Decl. Ex. 4; Hardwick Depo. Ex. D; *see* Betancourt Depo. at 29-31, Ex. 5)  In doing so, Betancourt represented and warranted that 754-244-8626 was her number at which State Farm Bank could lawfully call her to discuss her account.  As a result of Betancourt's request that that number be identified as her work number, calls were made by FMS to Betancourt at that number when her account went into default in its attempt to collect the debt owed by Betancourt to State Farm Bank.  Osorio is now suing State Farm Bank for calling that number, claiming it is his exclusive cell number, and Betancourt agrees. (Osorio Depo. at 22, 38, 49, 65-66; Betancourt Depo. at 27, 54-55)

Accordingly, State Farm Bank is entitled to summary judgment against Betancourt as to liability on its claims for negligent misrepresentation and breach of contract because Betancourt misrepresented and breached her warranty that the number 745-244-8626 was her own and that State Farm could lawfully call her on that number concerning her account.  Because Betancourt's negligent misrepresentation and breach of contract directly caused the debt collection calls that

13

Osorio complains about, State Farm Bank is also entitled to summary judgment on its claims for common law and contractual indemnification.

A.    **State Farm Bank Is Entitled To Partial Summary Judgment As to Liability Against Betancourt As to Liability On Its Claim For Negligent Misrepresentation.**

To be approved for and maintain a State Farm Bank credit card, among other things, Betancourt was required to provide and maintain a valid telephone number at which State Farm Bank could contact her regarding her credit card account.  Betancourt provided the number 754-244-8626.  Because Betancourt (and Osorio) now assert that the number 754-244-8626 is Osorio's exclusive cellular telephone number, Betancourt is liable to State Farm Bank for the damages arising from her misrepresentation to State Farm Bank that that number was her number at which State Farm could lawfully call her.

To establish a claim for negligent misrepresentation a plaintiff must prove that: (1) the defendant made a misrepresentation of material fact, which she may have believed to be true, but which was in fact false; (2) the defendant was negligent in making the statement because she should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely and act on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation.  *See Simon v. Celebration Co*., 883 So. 2d 826, 832 (Fla. 5th DCA 2004); *Florida Women's Med. Clinic, Inc. v. Sultan*, 656 So. 2d 931, 933 (Fla. 4th DCA 1995).

Betancourt, because she now asserts that the number is Osorio's cell number, admits that she misrepresented that 754-244-8626 was her number when she provided it to State Farm. Because State Farm Bank requires an applicant to provide a valid telephone number on which the applicant can be called concerning the account before it will consider a credit card application, Betancourt induced State Farm Bank to enter into the credit card agreement and

extend credit to her during the period her account remained active by representing that the telephone number 754-244-8626 belonged to her and that State Farm Bank could lawfully call her on that number with regard to her credit account.   Based on her own testimony in this case, Betancourt knew or should have known at the time she provided that number to State Farm Bank that it was not her number and she was not authorized to provide it to State Farm Bank, if that is, indeed, the case.

State Farm Bank relied on Betancourt providing truthful and accurate information to it, including keeping her contact information current and correct, in extending her credit during the time period her credit card account remained open from May 10, 2007 through June 1, 2011. State Farm Bank further relied on Betancourt's representation in the change of address form she provided to State Farm Bank that 754-244-8626 was her work telephone number by updating its records to so reflect, by providing that number as Betancourt's work telephone number to FMS to call Betancourt after Betancourt went into default on her credit card account, and by calling Betancourt on that number, through FMS, to discuss her account and to attempt to collect the amounts she owed to State Farm Bank. *See, e.g., Besett v. Basnett*, 389 So. 2d 995, 998 (Fla. 1980) ("a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him").

As a result of the calls made to Betancourt at the number she provided as her own seeking payment of her credit card debt, Osorio has brought his claim against State Farm Bank, asserting those calls violated the TCPA because the number belongs to him exclusively and he did not consent to Betancourt providing it to State Farm Bank as a number on which she could be called.  State Farm Bank has been damaged by Betancourt's misrepresentation by incurring costs

and attorneys' fees in defending against Osorio's claim and, if Osorio is successful on his claim, in the amount of any money judgment that may be entered for Osorio against State Farm Bank.

Betancourt's assertion that the number was mistakenly provided because she did not understand English very well and thought she was providing an emergency contact number is unavailing and is not a legal defense. *Peralta v. Peralta Food Corp.*, 506 F. Supp. 2d 1274, 1282-83 (S.D. Fla. 2007) ("[t]he burden is on the person who cannot read to know that he cannot read and if he desires to have an instrument read and explained to him to select a reliable person to do so," citing *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton*, 467 So. 2d 311, 313 (Fla. 5th DCA 1985) ("[w]e merely hold these facts [inability to understand English] do not invalidate the written agreement and do not constitute a sufficient legal defense to it")); *see also Hall v. Burger King Corp.*, 912 F. Supp. 1509, 1522 (S.D. Fla. 1995) ("Nor may Agad and Balagamwala avoid the Release by arguing that their English was 'not very good' at the time they executed it."); *Swift v. North Am. Co. for Life & Health Ins.*, 677 F. Supp. 1145, 1150 (S.D. Fla. 1987) (holding that an illiterate person who signs an agreement is "presumed to know its contents"). Notably, rather than an "defense," this is actually an *admission that Betancourt was at least negligent in misrepresenting to State Farm Bank 754-244-8626 was her work number*, if such was not true. Accordingly, State Farm Bank is entitled to summary judgment as to liability on its claim for negligent misrepresentation against Betancourt.

## B. State Farm Bank Is Entitled To Partial Summary Judgment As To Liability Against Betancourt On Its Claim For Breach Of Contract.

The elements of a claim for breach of contract are: (1) a valid agreement; (2) a material breach; and (3) resulting damage. *Murciano*, 958 So. 2d at 423.

In addition to breaching the State Farm Bank Credit Card Agreement by failing to make payment as required, Betancourt breached the agreement by failing to provide a valid telephone number at which she could be lawfully contacted regarding her account. State Farm Bank will

only consider a credit card application if the applicant provides a telephone number at which the applicant can be lawfully called concerning the account.  Once a credit card is issued, the customer is required to keep her contact information current, including providing a current telephone number at which the customer can be lawfully called concerning the account.

State Farm Bank and Betancourt's relationship was based on the State Farm Bank Credit Card Agreement.  In connection with entering this agreement, Betancourt provided to State Farm Bank telephone number 754-244-8626 as her own and agreed, warranted, promised and represented that the telephone number belonged to her and that State Farm Bank could lawfully call her on that number to discuss her account, including to seek collection of amounts due by Betancourt under the account agreement. State Farm Bank performed its obligations under the contract by extending credit to Betancourt and sending her monthly billing statements.  The efforts that State Farm Bank undertook to be paid back for the credit extended to Betancourt, including calls made by FMS to 754-244-8626 with an autodialer, have been consistent with the terms of the contract between Betancourt and State Farm Bank.

If Osorio's and Betancourt's current assertions are determined to be true, that Osorio exclusively owns the cellular telephone number 754-244-8626 and he never authorized Betancourt to provide the number to State Farm Bank, and if, as a result, FMS' calls on behalf of State Farm Bank's are found to be in violation of the TCPA, Betancourt breached the terms of her contract with State Farm Bank and her agreement, warranty, and promise that the telephone number belonged to her and State Farm Bank could lawfully call her at that number to discuss her account.  State Farm Bank has been damaged as a result of Betancourt's breach in the amount of its fees and costs incurred in defending against Osorio's action to date, and will continue to be injured in the amount of any additional fees and costs incurred in this action, as well as by any money judgment that may be entered for Osorio against State Farm.  Accordingly,

State Farm Bank is entitled to partial summary judgment as to liability on its claim for breach of contract, arising from Betancourt's failure to provide a valid telephone number on which she could be lawfully called by State Farm Bank.

      **C.**    **Betancourt Is Obligated To Indemnify State Farm Bank Because Any Liability It Has To Osorio Is Derivative of Betancourt's Providing It With Osorio's Cell Phone Number As Her Work Number.**

Betancourt is obligated to indemnify State Farm Bank because the fees and costs State Farm Bank has incurred and will incur in defending against Osorio's claim, and any liability it may have to Osorio, are derivative of Betancourt's misrepresentation and breach of warranty to State Farm Bank that 754-244-8626 was her telephone number at which she could be lawfully called by State Farm Bank.

      **1.**    **State Farm Bank Is Entitled To Partial Summary Judgment As To Liability Against Betancourt On Its Claim For Common Law Indemnification.**

Under Florida law, common law indemnity applies "where the liability of the person seeking indemnity is solely constructive or derivative and only against one who because of his act, has caused such constructive liability to be imposed."  *Houdaille Indus., Inc. v. Edwards*, 374 So. 2d 490, 493 (1979); *see also Wal-Mart Stores, Inc. v. McDonald*, 676 So. 2d 12, 15 (Fla. 1st DCA 1996) (affirming summary judgment on claim for common law indemnification arising from indemnitor's breach of contract).

The undisputed facts establish Betancourt's obligation to indemnify State Farm Bank for the costs of defending against Osorio's claim and any liability that may be imposed against State Farm Bank toward Osorio.  Betancourt became indebted to State Farm Bank and consistently failed to pay her credit card bill, breaching the State Farm Bank Credit Card Agreement.  And in authorizing State Farm Bank to call the cellular telephone number that Osorio claims belongs to

him, Betancourt agreed, warranted, promised and represented that the number was her own and she could be lawfully called at it.  Because State Farm Bank is permitted by law to contact a credit card holder regarding her account at the number she provides (*see, e.g., Cavero v. Franklin Collection Serv. Inc.*, No. 11–22630–CIV, 2012 WL 279448, at *3 (S.D. Fla. Jan. 31, 2012) ("if [plaintiff] provided [the] creditor . . . with his cell phone number, he provided express consent to be called by defendant in connection with a debt owed to [the creditor]")),  State Farm Bank's liability to Osorio, if any, is the direct result of and derivative of Betancourt's breaches of contract and negligent misrepresentation.  Accordingly, State Farm is entitled to partial summary judgment as to liability on its claim for common law indemnification against Betancourt.

### 2. State Farm Bank Is Entitled To Partial Summary Judgment As To Liability Against Betancourt On Its Claim For Contractual Indemnification.

"Under Florida law a contract to pay attorney's fees is a contract for indemnity.  Such provisions are meant to indemnify a party … for money spent to protect its interest." *Coastal Cmty. Bank v. Jones*, 23 So. 3d 757, 759 (Fla. 1st DCA 2009) (internal citations omitted). Under the heading "Collection Costs," the State Farm Bank Credit Card Agreement entered into between State Farm and Betancourt provides that: "If you are in default, unless prohibited by applicable law, you agree to pay us or reimburse us for all costs and disbursements, including reasonable attorney's fees, we pay or incur in legal proceedings (including bankruptcy proceedings) to collect or enforce the debt you owe under this Agreement."  (Hardwick Decl. Ex. 2; Hardwick Depo. Ex. F)  This provision is meant to indemnify State Farm Bank for costs incurred in attempting to collect Betancourt's debt.  The phone calls at issue were made in an attempt to collect Betancourt's debt.  If State Farm is held liable to Osorio for making those telephone calls, where there would have been no liability if, in fact, the number had belonged to Betancourt as she represented and warranted to State Farm, Betancourt is contractually obligated

19

to indemnify State Farm for such liability, as well as for its fees and costs incurred in defending Osorio's action.  Accordingly, partial summary judgment as to liability should be entered for State Farm on its claim of contractual indemnity against Betancourt.

CONCLUSION

Based on the foregoing discussion and authorities, State Farm Bank requests that the Court enter summary judgment for State Farm against Betancourt on its claims for account stated, open account and breach of contract in the amount of $7,945.10, plus interest from June 1, 2011, arising from Betancourt's failure to pay her credit card debt, reserving jurisdiction to award State Farm Bank its attorneys' fees and costs incurred in this suit.  In addition, State Farm Bank requests the Court enter partial summary judgment for State Farm against Betancourt as to liability on State Farm Bank's claims for negligent misrepresentation, breach of contract and common law and contractual indemnity arising out of Betancourt's misrepresentation and breach of warranty that 754-244-8626 was her number at which she could be lawfully called by State Farm Bank.

Dated: March 26, 2012

s/ *Paul L. Nettleton*
Paul L. Nettleton (396583)
E-mail: pnettleton@carltonfields.com
Aaron S. Weiss (48813)
E-mail: aweiss@carltonfields.com
Carlton Fields, P.A.
100 SE Second Street, Suite 4200
Miami, Florida  33131
Telephone: (305) 530-0050
Facsimile:  (305) 530-0055

*Attorneys for Defendant/ Third-Party Plaintiff State Farm Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


*s/ Paul L. Nettleton*
Paul L. Nettleton


## SERVICE LIST

*Osorio v. State Farm Bank, F.S.B.*
CASE NO. 11-61880-cv-MIDDLEBROOKS/JOHNSON


Donald A. Yarbrough, Esq.
E-mail: donyarbrough@mindspring.com
P.O. Box 11842
Ft. Lauderdale, FL 33339
Tel: 954-537-2000
Fax: 954-566-2235
(Via CM/ECF)

*Attorney for Plaintiff Fredy D. Osorio and*
*Third-Party Defendant Clara Betancourt*