UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61880-cv-MIDDLEBROOKS/JOHNSON

FREDY D. OSORIO,

    Plaintiff,

v.

STATE FARM BANK, F.S.B.,

    Defendant / Counter-Plaintiff

v.

CLARA BETANCOURT

    Counter-Defendant
_____/

**STATE FARM'S CONSOLIDATED STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF ITS MOTIONS FOR SUMMARY
JUDGMENT AGAINST PLAINTIFF AND THIRD-PARTY DEFENDANT**

Defendant/Third-Party Plaintiff, State Farm Bank, F.S.B. ("State Farm Bank"), submits this consolidated statement of undisputed material facts, pursuant to S.D. Fla. L.R. 56(a)(1), in support of its motions for summary judgment against Plaintiff, Fredy D. Osorio ("Osorio"), and against Third-Party Defendant, Clara Betancourt ("Betancourt"). Because there is significant factual overlap between the two motions, State Farm Bank submits this consolidated statement of undisputed material facts.

1. On August 23, 2011, Osorio commenced this action with the filing of a one-count complaint against State Farm Bank, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), specifically section 227(b)(1)(A)(iii). [D.E. 1] Osorio alleges State Farm Bank made numerous calls to his cellular telephone using an automatic telephone dialing system for non-emergency purposes and without express consent. [D.E. 1]

2.      Although not alleged in the complaint, Osorio has testified that the cellular telephone number that belongs to him that was allegedly improperly called by State Farm Bank is 754-244-8626 (Osorio Depo. at 22)

3.      Osorio and third-party plaintiff Betancourt, and their 23-year-old son, John Fredy Betancourt Osorio, at all relevant times, shared a cellular telephone service family plan with cellular service provided by MetroPCS.  (Osorio Depo. at 22, 28-30; Betancourt Depo. at 8-9, 46-47, 72-73)

4.      The cellular telephone number in question, 754-244-8626, is one of three numbers associated with the family plan in Osorio's name.  (Osorio Depo. at 28-30; Betancourt Depo. at 47; Thompson Depo. at 18-19, 35)  Another number associated with the plan is 754-244-5645. (Osorio Depo. at 30-31; Betancourt Depo. at 46; Thompson Depo. at 18-19, 35)

5.      The individuals who use the telephone numbers associated with the MetroPCS family plan are Betancourt, Osorio and John Fredy Betancourt Osorio, Osorio and Betancourt's son.  (Osorio Depo. at 11-13, 28-30; Betancourt Depo. at 47)  At all times relevant to this action, in addition to sharing cellular telephone service, Osorio and Betancourt, and their son, shared a home.  (Osorio Depo. at 16-18, 28-30; Betancourt Depo. at 10-11, 15)

6.      The MetroPCS family plan, in place since at least 2006, involves a flat fee for the cellular service for all three phone numbers on the plan.  So there are no charges for individual calls, no matter what the number.  Thus, no charges were incurred by Osorio or Betancourt for, and the flat fee was not impacted by, the calls about which Osorio complains. (Osorio Depo. at 22-24, 63-64; Thompson Depo. at 28)

7. On May 10, 2007, Betancourt submitted an electronic application for a credit card account to State Farm Bank. (Hardwick Decl. ¶ 3; Betancourt Depo. at 16-19; Hardwick Depo. at 7, Ex. C)

8. The agent code on the credit card application indicates the application was submitted through the Mike Campbell Insurance Agency located in Hallandale Beach, Florida. (Hardwick Decl. ¶ 3; *see* Betancourt Depo. at 16)

9. The email alias data in the application indicates it was transmitted by Luis Merced, an employee of the Mike Campbell Insurance Agency. (Hardwick Decl. ¶ 3; *see* Betancourt Depo. at 16-17; Hardwick Depo. at 13)

10. The Mike Campbell Insurance Agency, although an independent contractor like all other State Farm agents, is an exclusive agent of the State Farm companies and is authorized to sell State Farm products for the various State Farm companies. (Hardwick Decl. ¶ 4; Hardwick Depo. at 18-19)

11. The Mike Campbell Insurance Agency and its employees were and are authorized to submit electronic applications for credit card accounts on behalf of prospective customers to State Farm Bank, such as the electronic application submitted on behalf of Betancourt on May 10, 2007. (Hardwick Decl. ¶ 4; Hardwick Depo. at 18-19)

12. State Farm Bank requires an applicant for a credit card to provide a telephone number at which the applicant can be called to discuss the account if such becomes necessary or approriate, along with other information, before State Farm Bank will consider the an application for a credit card. (Hardwick Decl. ¶ 5; *see* Betancourt Depo. at 18)

13. The applicant can provide a home, work or cellular telephone number, and State Farm's electronic application contains a field for each, but the applicant need only provide a single telephone number. (Hardwick Decl. ¶ 5)

14. The State Farm Bank electronic credit card application has a field for the applicant's cellular telephone number. (Hardwick Decl. ¶ 6)

15. Through electronic applications, Betancourt applied for both automobile insurance from State Farm Mutual Automobile Insurance Company and a credit card from State Farm Bank during her visit to the Mike Campbell Insurance Agency on May 10, 2007. Merced asked Betancourt for the information required by the applications, Betancourt provided the information, and Merced input the information into the electronic applications that were submitted to on Betancourt's behalf to State Farm Mutual Automobile Insurance Company and State Farm Bank, respectively. (Betancourt Depo. at 17-23, 59-60; Hardwick Depo. at 23; Hardwick Decl. ¶ 3, 24 and Ex. 1, 10)

16. As reflected in Betancourt's credit card application, Betancourt provided to State Farm Bank the number 754-244-8626, representing and warranting that it was her cellular telephone number. (Hardwick Decl. ¶ 6 and Ex. 1; Hardwick Depo. at 6, 21, 47-48 and Ex. C; *see* Betancourt Depo. at 27, 59) Once the electronic application is submitted, the information or data in the fields cannot be altered. (Hardwick Depo. at 13-14)

17. Betancourt's application for a credit card was approved and State Farm Bank mailed to Betancourt, at the address she provided in the application, a credit card issued by State Farm Bank, along with the State Farm Bank Credit Card Agreement and Disclosure Statement that sets out the terms and conditions of the contractual relationship between State Farm Bank and Betancourt. (Hardwick Decl. ¶ 7 and Ex. 2; Hardwick Depo. at 9, 24-25, 51-52 and Ex. F)

18. Betancourt's first State Farm Bank credit card statement, with a closing date of May 26, 2007, shows that the first charge on her credit card was for her insurance policies. Hardwick Decl. ¶ 8 and Ex. 3)

19. After her receipt of that first statement, in early June 2007, Betancourt filled out a change of address form on the back of the statement and mailed it to State Farm Bank. (Hardwick Decl. ¶ 9 and Ex. 4; Hardwick Depo. at 29-36 and Ex. D; Betancourt Depo. at 29-31 and Ex. 5)

20. On that change of address form, Betancourt requested State Farm Bank to change the municipality for her address from Hollywood to West Park and she also requested that State Farm Bank update its records to reflect that her work phone number changed to 754-244-8626 from 954-549-7596 as she had provided in her application. (Hardwick Dec. ¶ 9 and Ex. 4; Hardwick Depo. at 29-36, 45-46, 48 and Ex. D; Betancourt Depo. at 29-31 and Ex. 5)

21. On June 14, 2007, per Betancourt's request, State Farm Bank updated its records to reflect Betancourt's work telephone number was 754-244-8626, and to change her mailing address municipality to West Park. (Hardwick Decl. ¶ 10 and Ex. 5; Hardwick Depo. at 35, 45-46, 48 and Ex. A at 287)

22. Betancourt called into State Farm Bank's customer service line to make two additional changes to her contact information before her account went into default. (Hardwick Decl. ¶ 11)

23. On May 29, 2008, Betancourt requested that State Farm Bank update its records to reflect her home phone number had changed to 754-244-8626, replacing the home number of 954-963-1917 she had provided in her application. (Hardwick Decl. ¶ 11 and Ex. 6; Hardwick Depo. at 45-48 and Ex. A at 286) On September 29, 2010, Betancourt requested State Farm Bank

update its records to reflect her home phone number had changed again, this time to 754-244-5645. (Hardwick Decl. ¶ 11 and Ex. 6; Hardwick Depo at 44-45, 50-51 and Ex. A at 283; *see* Betancourt Depo. at 63-65) State Farm Bank updated its records accordingly on each of these dates. (Hardwick Decl. ¶ 11; Hardwick Depo. at 44-51 and Ex. A at 286-87)

24. At no time since then did Betancourt request her contact information be updated or changed. (Hardwick Decl. ¶ 11)

25. Betancourt understood that, by providing a phone number to State Farm Bank, she was consenting to have, and would expect, State Farm Bank call her on that number if her account as past due. (Betancourt Depo. at 39, 74-75) Betancourt never sent anything in writing revoking her consent to State Farm calling her on the numbers she had provided to it, including 754-244-8626. (Betancourt Depo. at 75-76; Hardwick Decl. ¶ 6, 9-11)

26. From the time Betancourt opened her credit card account in May 2007 through May 2010, State Farm Bank mailed Betancourt credit card statements or bills on an approximately monthly basis. (Hardwick Dec. at ¶ 12; Hardwick Depo. Ex. E; Betancourt Depo. at 27-28, 44-45, 68-69 and Ex. 4)

27. Betancourt understood she was contractually required to pay at least the minimum amount due every month upon receipt of a billing statement from State Farm Bank. (Betancourt Depo. at 28, 37) Betancourt never disputed any of the charges for the credit advanced to her as reflected on State Farm Bank's billing statements and admits she still owes the outstanding balance. (Betancourt Depo. at 67-72)

28. Betancourt paid at least the minimum amounts due on her monthly statements for several years after the account was open. However, Betancourt failed to make any payment on her statement with a closing date of October 26, 2010 before the due date as reflected in her

statement with a closing date of November 26, 2010. Betancourt has made no payments on her account since that date. (Hardwick Decl. ¶ 13 and Ex. 7; Betancourt Depo. at 67).

29.     State Farm Bank outsources all its credit card collection activity and makes no collection calls itself. (Hardwick Decl. ¶ 14; Hardwick Depo. at 40, 50) In this case, in November 2010, State Farm Bank authorized FMS, Inc. ("FMS"), to seek collection of the debt owed on Betancourt's account from Betancourt. (Hardwick Decl. ¶ 14; Hardwick Depo. at 38-41, 50) FMS is an independent company that provides debt collection services and is not affiliated with State Farm Bank or any other State Farm company. (Hardwick Decl. ¶ 14; Hardwick Depo. at 39-40) State Farm Bank provided to FMS Betancourt's home number (754-244-5645) and her work number (754-244-8626) as reflected in its records at that time. (Hardwick Decl. ¶ 14; Hardwick Depo. at 37-38)

30.     In its attempts to collect Betancourt's credit card debt, State Farm Bank, through its collection agency, FMS, called Betancourt at both her home number (754-244-5645) and her work number (754-244-8626). (Hardwick Decl. ¶ 15) These calls began on November 29, 2010 and concluded on May 31, 2011. (Hardwick Decl. ¶ 15; Hardwick Depo. at 70 and Ex. A at 1, 283) During that time, FMS called 754-244-8626 on 327 occasions using an autodialer. (Hardwick Depo. at 69)

31.     Each and every call made to 754-244-8626 by FMS on behalf of State Farm Bank was made to Betancourt in an effort to collect a valid debt she owed to State Farm Bank. (Hardwick Decl. ¶ 16) Betancourt was the called party on all the calls made; no calls were made to Osorio. (Hardwick Depo. at 40)

32.     As the account notes for Betancourt's account with State Farm Bank reflect, most of the calls resulted in no contacts, i.e., no answers or hang ups. Based on the account notes, as

well as the recordings of calls made, a number of contacts were made with persons answering calls made to 754-244-8626. If a person answered, the FMS operator would ask to speak to Betancourt. At no time did anyone advise State Farm Bank or FMS that the number did not belong to Betancourt or to stop calling the number. To the contrary, as these records reflect, persons answering a number of the calls to that number indicated that Betancourt was simply not available at the time of the call. State Farm Bank's account notes, and the recordings of the calls, indicate that both males and females answered calls placed to 754-244-8626 on several occasions. (Hardwick Decl. ¶ 17 and Ex. 8; Harwick Depo. at 55-65 and Ex. A)

33. On or about June 1, 2011, State Farm Bank charged off the balance due on Betancourt's account as bad debt. This was purely for accounting purposes and Betancourt continues to owe her debt to State Farm Bank. (Hardwick Decl. ¶ 18)

34. Thereafter, collection efforts were undertaken by NCB Management Services, Inc. ("NCB"), on behalf of State Farm Bank as to Betancourt's outstanding debt to State Farm Bank. Although NCB made additional calls to Betancourt's home number and work number as reflected in State Farm Bank's records, none of those calls was made with an automatic telephone dialing system or involved use of an artificial or pre-recorded voice. (Hardwick Decl. ¶ 18; Hardwick Depo. at 71 and Ex. B)

35. Betancourt agrees that State Farm had the right to call her due to her outstanding debt. (Betancourt Depo. at 74-75)

36. As of June 1, 2011, Betancourt was indebted to State Farm Bank in the amount of $7,945.10, in principal, accrued interest through that date, and late fees through that date, as reflected on the last statement sent to Betancourt with closing date of May 26, 2011. (Hardwick Decl. ¶ 19 and Ex. 9) Betancourt has never made any payment on this outstanding debt and

continues to owe the debt to State Farm Bank. (Hardwick Decl. ¶ 19; Betancourt Depo. at 67-72) State Farm Bank has never sold or transferred this debt to any third party and continues to own the debt. (Hardwick Decl. ¶ 19; Hardwick Depo. at 71-72)

37. By providing State Farm Bank the telephone number 754-244-8626 as her cellular telephone number and, later, as her work number, Betancourt represented and warranted to State Farm Bank that the telephone number belonged to her and that State Farm Bank could call her on that number to discuss her account with State Farm Bank. (Hardwick Decl. ¶ 20; Hardwick Depo. at 52-53) When a customer provides a telephone number to State Farm Bank, the customer is expressly consenting to have State Farm Bank call the customer at that number. (Hardwick Decl. ¶ 20; *see* Betancourt Depo. at 39, 74-75) State Farm Bank relied on Betancourt providing truthful and accurate information to it, including keeping her contact information current and correct, in extending her credit during the time period her credit card account remained open through June 1, 2011. (Hardwick Decl. ¶ 20; Hardwick Depo. at 52-53)

38. State Farm Bank further relied on Betancourt's representation in the change of address form she provided to State Farm Bank that 754-244-8626 was her work telephone number by updating its records to so reflect, by providing that number as Betancourt's work telephone number to FMS to call Betancourt after Betancourt went into default on her credit card account with State Farm Bank, and by calling Betancourt on that number, through FMS, to discuss her account and to attempt to collect the amounts she owed to State Farm Bank. (Hardwick Decl. ¶ 20; *see* paragraphs 29-31, 37 above)

39. Before this lawsuit was commenced, no one had ever told State Farm Bank that the number 754-244-8626 was not Betancourt's telephone number. It was only after the commencement of this lawsuit that State Farm Bank was told, through counsel for Osorio, that

9

the number 754-244-8626 allegedly did not belong to Clara Betancourt but allegedly belonged to Osorio. (Hardwick Dec. ¶ 21)

40. Because Betancourt warranted and represented to State Farm Bank that 754-244-8626 was her work number, State Farm Bank, through its collection agency, FMS, made the numerous calls at issue to Betancourt at that number in an attempt to collect the debt Betancourt owed State Farm Bank on her credit card account. Neither State Farm Bank nor its collection agency, FMS, would have made any of the calls to that number but for the fact that Betancourt warranted and represented to State Farm Bank that it was her work number and consented to and authorized State Farm to call her on that number to discuss her account, including for purposes of collecting past due amounts on the account. Because the calls to that number have resulted in Osorio's lawsuit against State Farm Bank, State Farm Bank believes Betancourt is liable to State Farm Bank for any judgment Osorio might recover against State Farm Bank, along with its attorneys' fees and costs in defending Osorio's claim and in prosecuting its third party claim against Betancourt. (Hardwick Decl. ¶ 22; Hardwick Depo. at 35-38; *see* paragraphs 29-31, 37-38 above)

Dated: March 26, 2012

s/ *Paul L. Nettleton*

Paul L. Nettleton (396583)
E-mail: pnettleton@carltonfields.com
Aaron S. Weiss (48813)
E-mail: aweiss@carltonfields.com
Carlton Fields, P.A.
100 SE Second Street, Suite 4200
Miami, Florida  33131
Telephone: (305) 530-0050
Facsimile:  (305) 530-0055

*Attorneys for Defendant State Farm Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ *Paul L. Nettleton*
Paul L. Nettleton

## SERVICE LIST

*Osorio v. State Farm Bank, F.S.B.*
CASE NO. 11-61880-cv-MIDDLEBROOKS/JOHNSON

Donald A. Yarbrough, Esq.
E-mail: donyarbrough@mindspring.com
P.O. Box 11842
Ft. Lauderdale, FL 33339
Tel: 954-537-2000
Fax: 954-566-2235
(Via CM/ECF)

*Attorney for Plaintiff Fredy D. Osorio and Third-Party Defendant Clara Betancourt*

22436043v3