UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61880-CIV-MIDDLEBROOKS/VITUNAC

FREDY D. OSORIO,

    Plaintiff,

v.

STATE FARM BANK, F.S.B.,

    Defendant.
_____/

STATE FARM BANK, F.S.B.,

    Third-Party Plaintiff,

v.

CLARA BETANCOURT,

    Third-Party Defendant.
_____/

## ORDER ON THIRD-PARTY DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Third-Party Defendant Clara Betancourt's ("Betancourt") Motion to Dismiss Third-Party Plaintiff State Farm Bank, F.S.B.'s, ("State Farm") Third-Party Complaint (DE 22) ("Motion"), filed February 13, 2012. I have reviewed the Motion, the record in this case, and am otherwise fully advised in the premises.

I.     **BACKGROUND**

On August 23, 2011, Plaintiff Fredy D. Osorio ("Osorio") filed a Complaint against State Farm alleging that State Farm placed non-emergency telephone calls to Osorio's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii), a provision of the Telephone Consumer Protection Act

1

("TCPA"). State Farm alleges that it made calls to Osorio's number, 754-244-8626, solely because Betancourt, in her State Farm Bank Credit Card Agreement and Disclosure Statement ("Agreement"), "agreed, warranted, promised[,] and represented" both "that this was her telephone number" and "that State Farm could lawfully call this telephone number to discuss her credit card account, including for purposes of seeking collection of past due amounts." (*See* DE 13 at ¶ 3).

State Farm alleges that it only called Osorio's number because Betancourt's credit card account "has been in arrears for [over] a year", which forced "State Farm to undertake efforts to collect" $7,945.10, the amount Betancourt owed State Farm. (*See* DE 13 at ¶¶ 9-10). One of the collection efforts State Farm used was to call the telephone number Betancourt purportedly provided on her credit card application. (*See* DE 13 at ¶ 11). During the course of discovery, State Farm discovered that Osorio and Betancourt are either related through blood or marriage and live together (*see* DE 13 at ¶ 14).

Accordingly, State Farm filed a Third-Party Complaint raising the following causes of action against Betancourt: (1) common-law indemnification; (2) contractual indemnification; (3) breach of contract; (4) negligent misrepresentation; (5) account stated; and (6) open account. Betancourt argues counts one through four should be dismissed for failure to state a claim and counts five through six should be dismissed for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, this Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)

[hereinafter *Twombly*]; *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) [hereinafter *Iqbal*]. That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for the purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n. 3. The plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

## III. DISCUSSION

Betancourt argues State Farm failed to state a claim upon which relief could be granted in counts one through four because (1) Osorio's phone number did not exist at the time Betancourt

3

purportedly filled out her credit card application and (2) "State Farm does not allege that . . . Betancourt ever represented that State Farm could call . . . Osorio's cellular number using an automatic telephone dialing system." (*See* DE 22 at ¶ 2). It is unnecessary to consider Betancourt's first argument because under Rule 12(d) of the Federal Rules of Civil Procedure, a court cannot consider "matters outside the pleadings" when ruling upon a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(d).

*1. Common Law Indemnification*

In order to withstand a motion to dismiss for failure to state a claim for common law indemnification, a plaintiff must allege sufficient facts to satisfy the following two-pronged test: "(1) the party seeking indemnity (the indemnitee) must be without fault and its liability must be solely vicarious for the wrongdoing of another, and (2) the party against whom indemnity is sought (the indemnitor) must be wholly at fault." See *Heapy Engineering, LLP v. Pure Lodging, Ltd.*, 849 So. 2d 424, 424 (Fla. 1st DCA 2003) (citing *Dade County Sch. Bd. v. Radio Station WQBA*, 731 So.2d 638, 642 (Fla. 1999)). State Farm satisfies the pleading requirements under Florida law because it alleged it "is without fault in causing Osorio's alleged damages" (DE 13 at ¶ 28) and its purported "liability to Osorio is solely derivative of Betancourt's actions in allowing herself to become indebted to State Farm . . . and in authorizing State Farm to call the cellular telephone number that Osorio claims belongs to him" (DE 13 at ¶ 26). Betancourt is misguided that State Farm has to allege that Betancourt consented to receive telephone calls using an automated telephone dialing system. State Farm's allegation that "Betancourt agreed, warranted, promised and represented as part of her credit card contract with State Farm that State Farm could lawfully call this telephone number to discuss her credit card account, including for

purposes of seeking collection of past due amounts" (DE 13 at ¶ 7) is sufficient for the purposes of the instant Motion to state a claim for common law indemnification.

### 2. Contractual Indemnification

"A contract for indemnity is an agreement by which the promisor agrees to protect the promisee against loss or damages by reason of liability to a third party." *Dade County School Board v. Radio Station WQBA,* 731 So. 2d 638 (1999) (citing *Royal Indem. Co. v. Knott,* 101 Fla. 1495, 1509, 136 So. 474, 479 (1931)). State Farm alleges Betancourt is liable under a theory of contractual indemnification because the Agreement provided that an applicant who defaults "agree[s] to pay [State Farm] or reimburse [State Farm] for all costs and disbursements, including reasonable attorney's fees, [State Farm] pay[s] or incur[s] in legal proceedings (including bankruptcy proceedings) to collect or enforce the debt [the Applicant] owe[s] under this Agreement." (DE 13 at ¶ 34). State Farm alleges this provision entitles State Farm to seek indemnification from Betancourt because her failure to pay her credit card debt required State Farm to call the number Betancourt provided State Farm, which turned out to be Osorio's number. Again, Betancourt's allegation that State Farm failed to state a claim for relief under a theory of contractual indemnification is misguided. State Farm's allegations are sufficient to raise its right to relief under a theory of contractual indemnification above a speculative level.

### 3. Breach of Contract and Negligent Misrepresentation

In her Motion to Dismiss, Betancourt failed to allege any arguments that would establish that State Farm failed to state a claim for breach of contract. Indeed, State Farm alleged the Parties entered into a valid contract, Betancourt breached the contract by both failing to pay her credit card balance and intentionally providing a number on her application that did not belong to her, and State Farm suffered damages as a result of Betancourt's breaches. (*See* DE 13 at ¶¶ 42,

48-50). Finally, Betancourt contends State Farm failed to state a claim for relief for "negligence"; however, Betancourt's fourth count is a claim for negligent misrepresentation. (*See* DE 22 at 4-5). Thus, State Farm's third and fourth counts state a claim upon which relief can be granted.

## IV. CONCLUSION

Betancourt's allegation that this Court lacks subject matter jurisdiction over counts five and six of State Farm's Third-Party Complaint is contingent upon this Court finding that State Farm failed to state a claim for relief in counts one through four. Accordingly, since I determined that State Farm stated a claim for relief in counts one through four, it is unnecessary to address Betancourt's argument, and, it is hereby

**ORDERED AND ADJUDGED** that Third-Party Defendant Clara Betancourt's Motion to Dismiss Third-Party Plaintiff State Farm Bank, F.S.B.'s, Third-Party Complaint (DE 22) is **DENIED.**

**DONE AND ORDERED** at Chambers in West Palm Beach, Florida, this __11__ day of April, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record