UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61880-Civ-Middlebrooks/Johnson

FREDY D. OSORIO,

      Plaintiff,

v.

STATE FARM BANK, F.S.B.,

      Defendant.

_____/

STATE FARM BANK, F.S.B.,

      Third-Party Plaintiff,

v.

CLARA BETANCOURT,

      Third-Party Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO STATE FARM'S
CONSOLIDATED STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff, Fredy D. Osorio, files this Response to Defendant's Statement of

Undisputed Material Facts, and, in support thereof, states as follows:

1.      Undisputed.

2.      Undisputed.

3.      Disputed. Plaintiff is the cellular telephone subscriber for his own

telephone number, 754-244-8626, as well as for the two other telephone numbers on his

plan. Deposition of Plaintiff, "Plaintiff's Deposition," DE 39-1, pages 28-30. Mr. Osorio

and Ms. Betancourt are not married, but they are the parents of a child who is now an

adult, their son. Plaintiff's Deposition, pages 19-20. At their adult son's request, Mr.

Osorio pays for a cellular telephone for Ms. Betancourt to use. Plaintiff's Deposition,

page 30, lines 8-10. Mr. Osorio did not give Ms. Betancourt his consent to use *his* cellular

telephone number. Plaintiff's Deposition, page 49 lines 10-12.

4.     Disputed. All three telephone numbers are paid for by and are in the name

of Mr. Osorio only. Plaintiff's Deposition, pages 28-30.

5.     Disputed. Plaintiff is the cellular telephone subscriber for his own

telephone number, as well as for the two other telephone numbers on his plan. Deposition

of Plaintiff, "Plaintiff's Deposition," DE 39-1, pages 28-30. At their adult son's request,

Mr. Osorio pays for a cellular telephone for Ms. Betancourt to use. Plaintiff's Deposition,

page 30, lines 8-10. Mr. Osorio and Ms. Betancourt do not "share" a home, Mr. Osorio

rents a room from Ms. Betancourt. Plaintiff's Deposition, page 39 line 21 to page 40 line

25.

6.     Disputed. Plaintiff pays approximately $128.00 per month for the three

telephone numbers. Plaintiff's Deposition, page 29 lines 17 to 20. It is irrelevant whether

Plaintiff was charged individually for each call or whether Plaintiff paid a flat monthly

fee:

> The Commission also recognized that wireless customers are charged for
> incoming calls whether they pay in advance or after the minutes are
> used…The Commission also noted that callers have no way to determine
> how consumers are charged for their wireless service.

FCC, In the Matter of Rules and Regulations Implementing the Telephone Consumer
Protection Act of 1991: Request of ACA International for Clarification and Declaratory
Ruling, 07-232, ¶7, n.22 (2007).

7.     This fact is unrelated to Plaintiff's lawsuit against Defendant.

8.     This fact is unrelated to Plaintiff's lawsuit against Defendant.

9.     This fact is unrelated to Plaintiff's lawsuit against Defendant.

10.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

11.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

12.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

13.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

14.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

15.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

16.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

17.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

18.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

19.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

20.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

21.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

22.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

23.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

24.    Disputed. On September 29, 2010, Clara Betancourt spoke with State Farm and told them that Plaintiff's telephone number was not her telephone number, to stop calling that number, to erase it and take it off of the account. Deposition of Clara Betancourt, "Betancourt Deposition," DE 40-1, page 64 lines 1-15. Defendant's records show that as a result of Ms. Betancourt's request, it updated its records for the home

telephone field, but did not remove the number from the work field. Deposition of Defendant, DE 38-1, page 48 line 23 to page 49 line 18.

25.     This fact is unrelated to Plaintiff's lawsuit against Defendant.

26.     This fact is unrelated to Plaintiff's lawsuit against Defendant.

27.     This fact is unrelated to Plaintiff's lawsuit against Defendant.

28.     This fact is unrelated to Plaintiff's lawsuit against Defendant.

29.     Disputed as to the characterization of 754-244-8626 as Betancourt's work number. 754-244-8626 is not Clara Betancourt's work telephone number. Mr. Osorio is the cellular telephone subscriber for 754-244-8626, and Ms. Betancourt did not have his consent to use that number. Plaintiff's Deposition, pages 28-30, page 49 lines 10-12. Defendant characterizes its relationship with FMS, Inc. as a company to which it "outsourced" its placement of telephone calls, however, State Farm allowed or required FMS, Inc. to represent itself as State Farm in the telephone calls it placed to Mr. Osorio. See attached Exhibit "A," transcripts of audio recordings of calls placed to Plaintiff's cellular telephone number by FMS, Inc., the audio recordings of which were filed with the Court by Defendant as DE 52.

30.     Disputed as to the characterization of 754-244-8626 as Betancourt's work number, and that *she* was called at that number. 754-244-8626 is not Clara Betancourt's work telephone number. Mr. Osorio is the cellular telephone subscriber for 754-244-8626, and Ms. Betancourt did not have his consent to use that number. Plaintiff's Deposition, pages 28-30, page 49 lines 10-12. The characterization of telephone number 754-244-8626 is false and misleading. Otherwise, undisputed.

31.     Disputed. This statement is not a fact, it is a legal conclusion. The

characterization of telephone number 754-244-8626 is false and misleading. Plaintiff is

the cellular telephone subscriber for 754-244-8626, and Ms. Betancourt did not have his

consent to use that number. Plaintiff's Deposition, pages 28-30, page 49 lines 10-12.

Undisputed that the calls were made for the purpose of collecting a debt from Ms.

Betancourt, however, State Farm knew from the third of 327 calls that it placed to Mr.

Osorio's cellular telephone that the number actually was Mr. Osorio's phone, because

Mr. Osorio specifically told Defendant:

> **December 13, 2010 3 of 3**
> **MALE VOICE:** "Hello?"
> **HUMAN CALLER (female):** "Yes, Clara Betancourt please."
> **MALE VOICE:** "Listen lady. This phone is Freddy Osorio. Okay."
> **HUMAN CALLER (female):** "Is she available?"
> **MALE VOICE:** "Please. Okay?"
> **HUMAN CALLER (female):** "Is she available?"

Exhibit "A," transcripts of audio recordings of calls placed to Plaintiff's cellular
telephone number by FMS, Inc., the audio recordings of which were filed with the Court
by Defendant as DE 52.

32.     Disputed. State Farm knew from the third of 327 calls that it placed to Mr.

Osorio's cellular telephone that the number actually was Mr. Osorio's phone, because

Mr. Osorio specifically told Defendant:

> **December 13, 2010 3 of 3**
> **MALE VOICE:** "Hello?"
> **HUMAN CALLER (female):** "Yes, Clara Betancourt please."
> **MALE VOICE:** "Listen lady. This phone is Freddy Osorio. Okay."
> **HUMAN CALLER (female):** "Is she available?"
> **MALE VOICE:** "Please. Okay?"
> **HUMAN CALLER (female):** "Is she available?"

Exhibit "A," transcripts of audio recordings of calls placed to Plaintiff's cellular telephone number by FMS, Inc., the audio recordings of which were filed with the Court by Defendant as DE 52.

In addition, on September 29, 2010, Clara Betancourt spoke with State Farm and told them that Plaintiff's telephone number was not her telephone number, to stop calling that number, to erase it and take it off of the account. Betancourt Deposition, page 64 lines 1-15. On two separate occasions, Plaintiff told Defendant to stop calling his phone. Plaintiff's Deposition, page 43 line 9 to page 44 line 25.

33.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

34.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

35.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

36.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

37.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

38.    This fact is unrelated to Plaintiff's lawsuit against Defendant.

39.    Disputed. State Farm knew from the third of 327 calls that it placed to Mr.

Osorio's cellular telephone that the number actually was Mr. Osorio's phone, because Mr. Osorio specifically told Defendant:

**December 13, 2010 3 of 3**
**MALE VOICE:** "Hello?"
**HUMAN CALLER (female):** "Yes, Clara Betancourt please."
**MALE VOICE:** "Listen lady. This phone is Freddy Osorio. Okay."
**HUMAN CALLER (female):** "Is she available?"
**MALE VOICE:** "Please. Okay?"
**HUMAN CALLER (female):** "Is she available?"

6

Exhibit "A," transcripts of audio recordings of calls placed to Plaintiff's cellular telephone number by FMS, Inc., the audio recordings of which were filed with the Court by Defendant as DE 52.

In addition, on September 29, 2010, Clara Betancourt spoke with State Farm and told them that Plaintiff's telephone number was not her telephone number, to stop calling that number, to erase it and take it off of the account. Betancourt Deposition, page 64 lines 1-15. On two separate occasions, Plaintiff told Defendant to stop calling his phone. Plaintiff's Deposition, page 43 line 9 to page 44 line 25.

40.     This fact is unrelated to Plaintiff's lawsuit against Defendant.

## PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1.     FMS, Inc. ("FMS") telephoned 754-244-8626 on 327 occasions using an automatic telephone dialing system. Deposition of Defendant's corporate representative, Doug Hardwick, "Hardwick Deposition," DE 38-1, page 69 lines 13 to 24.

2.     FMS's collection efforts were made on behalf of State Farm Bank, F.S.B. ("State Farm"). Hardwick Deposition, page 69 lines 13 to 24. State Farm allowed or required FMS, Inc. to represent itself as State Farm in the telephone calls it placed to Mr. Osorio. Exhibit "A," transcripts of audio recordings of calls placed to Plaintiff's cellular telephone number by FMS, Inc., the audio recordings of which were filed with the Court by Defendant as DE 52.

3.     The telephone number 754-244-8626 is Plaintiff's cellular telephone number. Declaration of Plaintiff, Fredy D. Osorio, "Plaintiff's Declaration," DE 50, ¶ 3.

4.      Plaintiff never provided his cellular telephone number to Defendant.

Plaintiff's Declaration, ¶ 4; Hardwick Deposition, page 54 lines 17-22.

5.      Plaintiff never authorized Defendant, to call his cellular telephone number

using an automatic telephone dialing system. Plaintiff's Declaration, ¶5.

6.      On two separate occasions, Plaintiff told Defendant to stop calling his

phone. Plaintiff's Declaration ¶ 6; Plaintiff's Deposition, page 43 line 9 to page 44 line

25.

7.      Plaintiff's cellular telephone service is in Plaintiff's name only; Plaintiff is

the only telephone subscriber for his cellular telephone service, and Plaintiff has always

been the only telephone subscriber for his cellular telephone service. Plaintiff's

Declaration, ¶ 7; Deposition of MetroPCS, "MetroPCS Deposition," DE 33-1, page 18

lines 1-6, page 19 lines 16 to 24, page 21 line 23 to page 22 line 2.

8.      On two separate occasions, Plaintiff told Defendant that it was placing calls

to his cellular telephone. Declaration of Plaintiff in Support of Plaintiff's Motion for

Summary Judgment, DE 50, "Plaintiff's Declaration," ¶ 6, 9. State Farm knew from the

third of 327 calls that it placed to Mr. Osorio's cellular telephone that the number actually

was Mr. Osorio's phone, because Mr. Osorio specifically told Defendant:

**December 13, 2010 3 of 3**
**MALE VOICE:** "Hello?"
**HUMAN CALLER (female):** "Yes, Clara Betancourt please."
**MALE VOICE:** "Listen lady. This phone is Freddy Osorio. Okay."
**HUMAN CALLER (female):** "Is she available?"
**MALE VOICE:** "Please. Okay?"
**HUMAN CALLER (female):** "Is she available?"

Exhibit "A," transcripts of audio recordings of calls placed to Plaintiff's cellular telephone number by FMS, Inc., the audio recordings of which were filed with the Court by Defendant as DE 52.

9.      Plaintiff has no relationship with Defendant of any kind. Plaintiff's

Declaration, ¶ 8.

10.      On September 29, 2010, *prior* to Defendant's placement of any of its 327

automated calls to Mr. Osorio's cellular number, Clara Betancourt told State Farm Bank,

F.S.B., that the number they were calling, Fredy Osorio's cellular telephone number, was

not her telephone number; she asked them to stop calling that number; and she informed

them that she did not want them, going forward, to call that number for any reason at all.

Betancourt Deposition, page 62 line 14 to page 65 line 6.

11.      Mr. Osorio and Ms. Betancourt are not now, nor have they ever been

married to each other. Plaintiff's Deposition, pages 19-20.

12.      Mr. Osorio never gave Ms. Betancourt any permission, *at all*, to use his

cellular number in any way: "I didn't know that she was providing my number. I did not give

my consent.  She didn't ask me.  I didn't know." Plaintiff's Deposition, page 49 lines 10-12.


Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough

9

Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61880-Civ-Middlebrooks/Johnson

FREDY D. OSORIO,

      Plaintiff,

v.

STATE FARM BANK, F.S.B.,

      Defendant.
_____/

STATE FARM BANK, F.S.B.,

      Third-Party Plaintiff,

v.

CLARA BETANCOURT,

      Third-Party Defendant.
_____/

## <u>CERTIFICATE OF SERVICE</u>

    **I HEREBY CERTIFY** that on <u>April 20, 2012,</u> I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                   <u>s/Donald A. Yarbrough</u>
                                   Donald A. Yarbrough, Esq.

## <u>**SERVICE LIST**</u>

Mr. Paul L. Nettleton, Esq.
Carlton Fields, P.A.
Suite 4200, Miami Tower
100 SE Second Street
Miami, FL 33131
Telephone: 305-530-0050
Facsimile: 305-530-0055

<u>Via Notices of Electronic Filing generated by CM/ECF</u>