UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61880-Civ-Middlebrooks/Johnson

FREDY D. OSORIO,

    Plaintiff,
v.

STATE FARM BANK, F.S.B.,

    Defendant.
_____/

STATE FARM BANK, F.S.B.,

    Third-Party Plaintiff,
v.

CLARA BETANCOURT,

    Third-Party Defendant.
_____/

## THIRD-PARTY DEFENDANT'S RESPONSE IN OPPOSITION TO THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THIRD-PARTY DEFENDANT

Third-Party Defendant, Clara Betancourt, files this Response in Opposition to Third-Party Plaintiff's Motion for Summary Judgment against Third-Party Defendant, and, in support thereof, states as follows:

    1.    State Farm's motion against Ms. Betancourt should be denied because Ms. Betancourt told State Farm to stop using Mr. Osorio's cellular number before it placed *any* of its 327 automated calls to Mr. Osorio's cellular telephone; because Mr. Osorio himself told State Farm it was calling, not Ms. Betancourt's telephone, but his own, on the third of the 327 automated calls; because Ms. Betancourt did not warrant the accuracy

of any information; because the credit card agreement does not require a warrant of information, nor does it contain any provision putting Ms. Betancourt on notice that State Farm would use an automatic telephone dialing system to place hundreds of calls; and because the credit card agreement limits indemnity to only disbursements, attorney's fees, and costs incurred to enforce or collect the debt, and Mr. Osorio's lawsuit against State Farm is not a proceeding to collect or enforce Ms. Betancourt's debt.

2. For State Farm's common law indemnification claim to be successful, "1) the party seeking indemnity (the indemnitee) must be without fault and its liability must be solely vicarious for the wrongdoing of another, and 2) the party against whom indemnity is sought (the indemnitor) must be wholly at fault." Heapy Engineering, LLP v. Pure Lodging, Ltd., 849 So. 2d 424 (Fla. 1st DCA 2003). See also Gen. Portland Land Dev. Co. v. Stevens, 395 So.2d 1296, 1299 (Fla. 4th DCA 1981). Ms. Betancourt is *not* wholly at fault for State Farm's liability to Mr. Osorio, because Betancourt never represented or warranted to either the Mike Campbell Insurance Agency or to State Farm that 754-244-8626 was *her* cellular telephone number. Most importantly, Ms. Betancourt told State Farm not to call Mr. Osorio's number, to take it off of her account, and to not use the number for any reason *two months* prior to State Farm's placement of any of its calls to Mr. Osorio. Third-Party Defendant's Statement of Additional Facts in Opposition to Third-Party Plaintiff's Motion for Summary Judgment, "Statement of Facts," ¶ 1, 2. State Farm is fully responsible, because it was told to stop the calls, yet placed over three hundred subsequent calls. Thus, summary judgment should be granted to Betancourt on State Farm's common law indemnification claim.

3. State Farm's contractual indemnification claim also fails, because Betancourt contractually agreed to pay only those costs, disbursements, and attorney's fees incurred in legal proceedings *to collect or enforce her debt*. Betancourt agreed:

> "to pay [State Farm] or reimburse [State Farm] for all costs and disbursements, including reasonable attorney's fees, [State Farm] pay[s] or incur[s] in legal proceedings (including bankruptcy proceedings) *to collect or enforce* the debt you owe under this Agreement."

Credit Card Agreement, DE 42-3, (emphasis added). Statement of Facts, ¶ 3.

While Osorio's lawsuit arises from State Farm's attempts to collect Betancourt's debt, Osorio's lawsuit is *not* itself a legal proceeding to collect or enforce the debt. It is a legal proceeding for violation of the Telephone Consumer Protection Act ("TCPA"). Betancourt is contractually bound to indemnify State Farm against costs and disbursements *only* with respect to legal proceedings which are *to collect or enforce* her alleged debt. The reading of the contract that Defendant advances is not supported by the actual language of the contract or any reasonable interpretation thereof: "An interpretation which gives a reasonable meaning to all provisions of a contract is preferred to one which leaves a part useless or inexplicable." Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n, 117 F.3d 1328, 1338 (11th Cir. 1997) (quoting Premier Ins. Co. v. Adams, 632 So.2d 1054 (Fla. 5th DCA 1994)). "The law compels that a contract should not be interpreted in a manner that would render a word, or term, extraneous." Siedle v. Nat'l Ass'n of Sec. Dealers, Inc., 248 F. Supp. 2d 1140, 1144 (M.D. Fla. 2002). If the contract is read as Defendant suggests, to indemnify State Farm against *any* loss associated with the collection of Betancourt's debt, regardless

of how far removed it is, it would render superfluous the limitation on indemnity *only* as to losses incurred in legal proceedings to collect or enforce the alleged debt. Because Osorio's lawsuit against State Farm is *not* a proceeding to collect or enforce Betancourt's debt, Betancourt is not contractually bound to indemnify State Farm. Thus, summary judgment should be granted to Betancourt on State Farm's contractual indemnification claim.

    4.    State Farm's negligent misrepresentation claim must also fail. To prevail on its negligent misrepresentation claim, State Farm must prove that 1) Betancourt made a misrepresentation of material fact, 2) that Betancourt was negligent in making the statement because she should have known it was a misrepresentation, 3) Betancourt intended to induce State Farm to rely and to act on the misrepresentation, and 4) injury resulted to State Farm acting in justifiable reliance on the misrepresentation. Simon v. Celebration Co., 883 So. 2d 826 (Fla. 5th DCA 2004); Florida Women's Med. Clinic, Inc. v. Sultan, 656 So. 2d 931 (Fla. 4th DCA 1995). Betancourt never represented or warranted to either the Mike Campbell Insurance Agency or to State Farm that 754-244-8626 was *her* cellular telephone number. Statement of Facts, ¶ 2. For this reason alone, this claim fails. For another, State Farm could not have acted "in justifiable reliance" on Betancourt's provision of the number, because Ms. Betancourt told State Farm not to call Mr. Osorio's number, to take it off of her account, and to not use the number for any reason *two months* prior to State Farm's placement of any of its calls to Mr. Osorio, and because Mr. Osorio told State Farm that the number was *his* phone on the third of the 327 calls that State Farm placed to Osorio. Statement of Facts, ¶ 1. Mr. Osorio's notice to

State Farm that it was calling his phone, as opposed to Ms. Betancourt's phone, cannot be disputed, as that information comes from an audio recording that State Farm made of the call with Mr. Osorio, filed with the Court by Defendant as DE 52. Mr. Osorio also asserts that he told State Farm on two separate occasions to stop calling his cellular number, but that fact is in dispute.

5. The touchstone of any tort claim is foreseeability, and State Farm's conduct of placing hundreds of automated calls was not foreseeable. Betancourt did not expect that State Farm would place any calls, much less hundreds of calls, with an automatic telephone dialling system to any telephone number; and further did not expect *any* calls to be placed to 754-244-8626 after September 29, 2010, because Betancourt spoke with State Farm and told them that that number was not her telephone number, to stop using that number, to erase it and take it off of the account. Betancourt Deposition, page 64 lines 1-15. Betancourt Affidavit ¶ 8. Betancourt was never put on notice that State Farm might use an automated telephone dialing system in connection with her account. Betancourt's credit card agreement is devoid of any terms or conditions regarding telephonic communications through the use of an automated telephone dialing system. Credit Card Agreement, DE 42-3. Furthermore, Ms. Betancourt did not expect State Farm to place hundreds of calls to 754-244-8626, because in addition to the 327 calls State Farm placed to Mr. Osorio's cellular telephone, State Farm placed at least 181 calls to Ms. Betancourt's own cellular number, 754-244-5645, for a total of at least 508 calls. Statement of Facts ¶ 6. This contradicts Mr. Hardwick's testimony that State Farm *only*

5

provides the home and work numbers when they send an account to their collection agency.

6. As to State Farm's claim for breach of contract, to succeed on this claim State Farm must show a valid contract and a material breach. While there is a contract, with respect to Betancourt's "warrant" or "promise" regarding information she provided, there is no contract provision regarding the warranting or provision of information. There is nothing in the contract that states anything to the effect that Betancourt contractually agreed that "by giving this telephone number to State Farm, I warrant that State Farm can call this number to discuss my account and to collect past due amounts on my account," or any such language. Moreover, Ms. Betancourt told State Farm not to call Mr. Osorio's number, to take it off of her account, and to not use the number for any reason *two months* prior to State Farm's placement of any of its calls to Mr. Osorio. Statement of Facts, ¶ 1. State Farm knew from the third of 327 calls that it placed to Mr. Osorio's cellular telephone that the number actually was Mr. Osorio's phone, because Mr. Osorio specifically told State Farm that the phone number they were calling was his. Statement of Facts ¶ 1. Mr. Osorio's notice to State Farm that it was calling his phone, as opposed to Ms. Betancourt's phone, cannot be disputed, as that information comes from an audio recording that State Farm made of the call with Mr. Osorio, filed with the Court by Defendant as DE 52.

7. To the extent that State Farm's breach of contract claim also alleges breach of Betancourt's obligation to pay amounts due on her credit card, this claim cannot

support supplemental jurisdiction, and should therefore be dismissed for lack of subject matter jurisdiction, along with State Farm's claims for account stated and open account.

        Respectfully submitted,

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Fort Lauderdale, Florida 33339
        Telephone: (954) 537-2000
        Facsimile: (954) 566-2235
        donyarbrough@mindspring.com

        s/Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61880-Civ-Middlebrooks/Johnson

FREDY D. OSORIO,

    Plaintiff,

v.

STATE FARM BANK, F.S.B.,

    Defendant.
_____/

STATE FARM BANK, F.S.B.,

    Third-Party Plaintiff,

v.

CLARA BETANCOURT,

    Third-Party Defendant.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on April 24, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  s/Donald A. Yarbrough
                                                  Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Paul L. Nettleton, Esq.
Carlton Fields, P.A.
Suite 4200, Miami Tower
100 SE Second Street
Miami, FL 33131
Telephone: 305-530-0050
Facsimile: 305-530-0055

<u>Via Notices of Electronic Filing generated by CM/ECF</u>