UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61880-Civ-Middlebrooks/Johnson

FREDY D. OSORIO,

      Plaintiff,

v.

STATE FARM BANK, F.S.B.,

      Defendant.

_____/

STATE FARM BANK, F.S.B.,

      Third-Party Plaintiff,

v.

CLARA BETANCOURT,

      Third-Party Defendant.

_____/

## THIRD PARTY DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD-PARTY COMPLAINT

Third-Party Defendant, Clara Betancourt ("Betancourt"), hereby files her answer and affirmative defenses to Third-Party Defendant, State Farm Bank F.S.B. ("State Farm") Complaint (DE 13) and counterclaim against Third-Party Defendant, State Farm Bank F.S.B., and states as follows:

### Parties

    1.    Admitted.

    2.    Admitted.

### Jurisdiction and Venue

3.      Denied.

4.      Admitted.

5.      Admitted.

## General Background Allegations

6.      Admitted, attached as Exhibit "A" is a true copy of the credit card agreement.

7.      Denied, the credit card agreement contains no warrant or other representation that State Farm could lawfully call any telephone number. The contract reads in relevant part "Change of Name or Mailing Address. You must notify us immediately of any change of your name or mailing address from that shown on your last monthly statement. The back of your monthly statement contains a form you may use for this purpose." See Page 6, Exhibit "A", attached. Thus, the contract requires only updates as to Ms. Betancourt's name or mailing address and has no requirement, whatsoever, regarding updates of her telephone number.

8.      Admitted.

9.      Without knowledge of State Farm's motives, therefore denied.

10.     Admitted.

11.     Denied.

12.     Admitted.

13.     Admitted.

14.     Denied.

15.     Admitted.

16.     Denied.

17.     Admitted that State Farm seeks this relief, but denied that it is entitled to it.

18.     Admitted that State Farm seeks this relief, but denied that it is entitled to it.

19.     Admitted.

20.     Denied. State Farm has failed to meet the condition precedent with respect to Counts I through IV, in that, collection costs are only due to State Farm if State Farm incurs such costs in a legal proceeding to collect or enforce the debt Ms. Betancourt owes. Mr. Osorio's suit against State Farm is not a suit to collect or enforce Ms. Betancourt's debt and therefore State Farm has not met a condition precedent to the filing of Counts I through IV.

21.     Without knowledge therefore denied.

**Count One**
**Common Law Indemnification**

Third-Party Defendant incorporates her answers in paragraphs 1 through 21.

22.     Admitted.

23.     Denied.

24.     Admitted.

25.     Denied, the credit card agreement contains no warrant or other representation that State Farm could lawfully call any telephone number. The contract reads in relevant part "Chang of Name or Mailing Address. You must notify is immediately of any change of your name or mailing address from that shown on your last monthly statement. The back of your monthly statement contains a form you may

use for this purpose." See Page 6, Exhibit "A", attached. Thus, the contract requires only updates as to Ms. Betancourt's name or mailing address and has no requirement, whatsoever, regarding updates of her telephone number.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

**Count Two**
**Contractual Indemnification**

Third-Party Defendant incorporates her answers in paragraphs 1 through 21.

32.    Admitted.

33.    Admitted.

34.    Admitted.

35.    Denied.

36.    Admitted.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

**Count Three**
**Breach of Contract**

Third-Party Defendant incorporates her answers in paragraphs 1 through 21.

   42.    Admitted.

   43.    Admitted.

   44.    Denied.

   45.    Denied.

   46.    Admitted.

   47.    Denied.

   48.    Denied.

   49.    Admitted.

   50.    (a) Denied. (b)Admitted. Defendant mixes two separate breaches of contract, one for failure to pay a credit card debt which Ms. Betancourt admits and for a supposed breach of contract regarding telephone number 754-244-8626 and how State Farm obtained the number and calls State Farm made to that number, which Ms. Betancourt denies.

**Count Four**
**Negligent Misrepresentation**

Third-Party Defendant incorporates her answers in paragraphs 1 through 21.

   51.    Denied.

   52.    Denied.

   53.    Denied.

   54.    Denied.

55.  Denied.

56.  Denied.

57.  Denied.

58.  Denied.

### Count Five
### Account Stated

Third-Party Defendant incorporates her answers in paragraphs 1 through 21.

59.  Admitted.

60.  Admitted.

61.  Admitted.

62.  Admitted.

63.  Admitted.

64.  Admitted.

65.  Admitted.

66.  Admitted, except denied that attorney's fees are due under the theory of account stated.

### Count Six
### Open Account

Third-Party Defendant incorporates her answers in paragraphs 1 through 21.

67.  Admitted except denied that attorney's fees are due under the theory of open account.

68.  Admitted.

69.  Admitted.

6

70.     Admitted.

### **Defenses and Affirmative Defenses**

1.      Having answered State Farm's suit, Ms. Betancourt asserts that State Farm's conduct in suing her for allegedly being the cause of the damages in may owe to Mr. Osorio is a breach of her credit card agreement, in that, among other things, the agreement specifically provides that Ms. Betancourt must only provide correct name and address information and specifically excludes any provision requiring her to provide a telephone number at all, and that part of State Farm's suit against her alleges that she is responsible for the attorney's fees and costs State Farm occurs in defending Mr. Osorio's suit and bringing at least part of this suit against Ms. Betancourt and that that obligation stems from the terms of her credit card agreement with State Farm, when in reality, the credit card agreement provides that attorneys fees and costs are due State Farm only if the litigation in which the fees and costs incurred is to collect or enforce Ms. Betancourt's credit card debt. Mr. Osorio's suit is not for the purpose of collecting or enforcing Ms. Betancourt's debt. State Farm has breached its credit card agreement with Ms. Betancourt, including but not limited to the obligation to deal with her in good faith and Ms. Betancourt seeks her attorney's fees and costs incurred therein.

2.      State Farm's complaint fails to state a claim for which relief can be granted.

3.      State Farm's complaint fails to establish a cause of action.

4.      State Farm's claims are barred to the extent that Betancourt did not breach the contract.

5.     State Farm failed to satisfy the burden of proof in showing that Betancourt breached her contract with respect to State Farms claim against her regarding Mr. Osorio's suit.

6.     Regarding the tort claim, State Farm cannot show that Betancourt is the sole reason for Osorio's suit as Ms. Betancourt infomed State Farm to stop using Mr. Osorio's phone number before State Farm placed automated calls to Mr. Osorio's number and Mr. Osorio informed State Farm on the third of its 327 calls to his cellular telephone that the telephone was his and not Ms. Betancourts.

7.     The Court has no federal question jurisdiction over State Farm's beach of contract claim for an unpaid credit card debt, open account and account stated claims for the same credit card debt.

8.     This Court has no diversity or supplemental jurisdiction over State Farm's beach of contract claim for an unpaid credit card debt, open account and account stated claims for the same credit card debt.

9.     This Court has no jurisdiction of State Farm's counter claim.

                                    Respectfully submitted,

                                    DONALD A. YARBROUGH, ESQ.
                                    Attorney for Plaintiff
                                    Post Office Box 11842
                                    Fort Lauderdale, Florida 33339
                                    Telephone: (954) 537-2000
                                    Facsimile: (954) 566-2235
                                    donyarbrough@mindspring.com

                                    s/Donald A. Yarbrough
                                    Donald A. Yarbrough, Esq.
                                    Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61880-Civ-Middlebrooks/Johnson

FREDY D. OSORIO,

      Plaintiff,

v.

STATE FARM BANK, F.S.B.,

      Defendant.

_____/

STATE FARM BANK, F.S.B.,

      Third-Party Plaintiff,

v.

CLARA BETANCOURT,

      Third-Party Defendant.

_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on April 30, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                        s/Donald A. Yarbrough
                        Donald A. Yarbrough, Esq.

## <u>SERVICE LIST</u>

Mr. Paul L. Nettleton, Esq.
Carlton Fields, P.A.
Suite 4200, Miami Tower
100 SE Second Street
Miami, FL 33131
Telephone: 305-530-0050
Facsimile: 305-530-0055

<u>Via Notices of Electronic Filing generated by CM/ECF</u>