UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61880-CIV-MIDDLEBROOKS/VITUNAC

FREDY D. OSORIO,

    Plaintiff,

v.

STATE FARM BANK, F.S.B.,

    Defendant.
_____/

STATE FARM BANK, F.S.B.,

    Third-Party Plaintiff,

v.

CLARA BETANCOURT,

    Third-Party Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant State Farm Bank, F.S.B.'s, ("State Farm") Motion for Summary Judgment on Plaintiff Fredy D. Osorio's ("Osorio") Complaint (DE 35) ("Motion"), filed March 26, 2012. I have reviewed the Motion, Osorio's Response (DE 64), and State Farm's Reply (DE 77), the record in this case, and am otherwise fully advised in the premises.

### I. BACKGROUND

On August 23, 2011, Osorio filed a Complaint against State Farm alleging that State Farm placed non-emergency telephone calls to his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. §

1

227(b)(1)(A)(iii), a provision of the Telephone Consumer Protection Act ("TCPA"). State Farm alleges it did not violate that TCPA because it had prior express consent to call Osorio's number.

On May 10, 2007, Clara Betancourt ("Betancourt") filled out and submitted an electronic credit card application with State Farm. (Hardwick Decl. ¶ 4). As part of the application process, an individual must provide State Farm with at least one of the following: a (1) home; (2) work; (3) or cellular telephone number. (Hardwick Decl. ¶ 5). On her application, Betancourt listed 754-244-8626 ("8626") as her cellular telephone number. (Hardwick Decl. ¶ 6; Betancourt Depo. 32:18-25). In June 2007, Betancourt filled out and mailed to State Farm a change of address form, in which she requested State Farm (1) change the municipality of her address and (2) update its records to reflect that her work number changed from 954-549-7596 to 8626. (Hardwick Decl. ¶ 9). Shortly after receiving Betancourt's change of address form, State Farm updated its records. (Hardwick Decl. ¶ 10). Betancourt also contacted State Farm customer service on the following two occasions to alter her contact information: (1) on May 29, 2008, Betancourt requested State Farm update its records to reflect that her home phone number was 8626, and (2) on September 29, 2010, Betancourt requested State Farm update its records to reflect her home phone number had changed to 754-244-5645 ("5645"). (Hardwick Decl. ¶ 11). While Betancourt initially made payments on her credit card, the payments ceased in the fall of 2010. Since that time, Betancourt has not made any additional payments. (Hardwick Decl. ¶ 13).

After Betancourt's credit card account was "in arrears for [over] a year", "State Farm. . . undert[ook] efforts to collect" $7,945.10, the amount Betancourt owed State Farm. (*See* DE 13 at ¶¶ 9-10). At the time State Farm began its attempts to collect Betancourt's debt, State Farm had in its records that Betancourt's home phone number was 5645 and her work number was 8626. (Hardwick Decl. ¶ 15). State Farm's debt collection agency called both numbers between

November 29, 2010 through May 31, 2011, in an attempt to collect Betancourt's debt. (Hardwick Decl. ¶ 15).

Now, Osorio and Betancourt represent that 8626 is Osorio's number. (Betancourt Depo. 28:16-18). The precise relationship between Osorio and Betancourt is unclear; however, it is undisputed that Osorio and Betancourt live together and have an adult son ("John"). (Betancourt Depo. 10-11:16-4). Additionally, Osorio, Betancourt, and John all share a Metro PCS family plan, which includes both 8626 and 5645. The records provided by Metro PCS solely identify Osorio as the account holder, and, the records do not identify which numbers belongs to Osorio, Betancourt, or John. (*See* DE 23-2 at 1).

## II. LEGAL STANDARD

### 1. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(c), a district court's decision to grant summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of material fact is genuine where the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (quoting *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993)). A district court's central inquiry when determining whether it should grant a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). After the parties have had adequate time to conduct

3

discovery and a party files a motion for summary judgment, a district court must grant summary judgment against a party who fails to establish the existence of an element essential to his case that he bears the burden of proof on during trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

The moving party bears the initial burden of demonstrating to the court that the record does not contain any genuine issues of material fact to be determined at trial. *See Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Whether a fact is material or not is a question that requires the moving party to defer to substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Pursuant to Rule 56, a moving party may accompany its motion for summary judgment with supporting affidavits; however, the movant is not required to file any affidavits. *See* Fed. R. Civ. P. 56(a)-(b). Although, a district court may not consider an unsworn statement when "determining the propriety of summary judgment." *Gordon v. Watson,* 622 F.2d 120, 123 (11th Cir. 1980) (citing *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 159, 90 S. Ct. 1598, 1609, 26 L. Ed. 2d 142 (1970)).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 593-94 (11th Cir. 1995) (per curiam) (internal citation and quotations omitted). In addition, the dispute must have a "real basis in the record" in order to constitute a genuine dispute of fact. *Pace v. Capobianco,* 283 F.3d 1275, 1278 (11th Cir. 2002) (quoting *Mize,* 93 F.3d at 742) (internal quotations omitted). Thus, "mere conclusions and

4

unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1327 (11th Cir. 2005).

While conclusions and unsupported facts alone are insufficient to oppose a summary judgment motion, a district court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir. 1995) (citing *Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro,* 38 F.3d 1571, 1578 (11th Cir. 1994) (per curiam)). In order to demonstrate a genuine issue, the party opposing entry of summary judgment must establish sufficient evidence upon which a jury could reasonably rule in his favor; therefore, a mere "scintilla of evidence" alone is insufficient. *See Liberty Lobby,* 477 U.S. at 252, 106 S. Ct. at 2512. If the party opposing summary judgment produces any evidence, a district court must accept it as true and draw "all justifiable inferences" in his favor. *See id.* at 255, 106 S. Ct. at 2513.

## III. ANALYSIS

State Farm argues it is entitled to summary judgment on Osorio's TCPA claim for the following reasons: (1) it did not violate the TCPA because it had express consent to call 8626 (2) Osorio lacks standing to assert the TCPA claim; (3) State Farm did not violate the TCPA because Osorio was not charged for the calls made by State Farm; and (4) State Farm did not place the calls, therefore it cannot be liable for the TCPA violations. (*See* DE 35 at 2).

In his Complaint, Osorio alleges State Farm violated the TCPA because State Farm called his cell phone between 400 to 1,000 times using any automatic telephone dialing system or an artificial or prerecorded voice without his express permission. (*See* Compl. ¶¶ 6-8). To succeed on his claim, Osorio must show State Farm called his cell phone, without the "prior express consent of the called party" using an "automatic telephone dialing system or an artificial or

prerecorded voice" and "the called party [was] charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). State Farm does not dispute a debt collection agency placed calls on its behalf to 8626 using an automated system; nevertheless, State Farm contends the undisputed facts show that State Farm had prior express consent from Betancourt that it could contact her at 8626. Osorio does not contest that Betancourt agreed State Farm could contact her at 8626; nevertheless, Osorio asserts only he could provide express consent to State Farm to call 8626 because this number belonged to him. (*See* DE 64 at 6). Assuming 8626 is Osorio's number, in order to determine whether Betancourt can provide express consent on behalf of Osorio, I must turn to the applicable law.

The Federal Communications Commission ("FCC") prescribes and implements regulations governing the TCPA's provisions concerning automated phone calls. *See* 47 U.S.C. § 229. Previously, the FCC ruled that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992). Subsequently, on January 4, 2008, the FCC adopted Declaratory Ruling 07–232, which further clarified the aforementioned rule:

> [A]utodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

*In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 564 (F.C.C. 2008).

Applying the regulations promulgated by the FCC, Betancourt unequivocally provided her express consent that State Farm could call 8626 on the following dates: (1) May 10, 2007, (2) June 2007; (3) May 29, 2008; and (4) September 29, 2010. Nevertheless, despite Betancourt's express representations that State Farm could call "her" number, Osorio asserts State Farm's calls were unauthorized because he is the "called party" and did not provide his express consent to State Farm. Assuming Osorio is the "called party", the issue remains whether Betancourt can provide prior express consent on Osorio's behalf.

In *Meadows v. Franklin Collection Services, Inc.*, plaintiff ("Meadows") appealed a district court's entry of summary judgment in favor of defendant ("Franklin") on her TCPA claim, in which she alleged Franklin violated 47 U.S.C. § 227(b)(1)(B) when Franklin called her residential telephone line using an artificial or prerecorded voice to collect a debt owed by Meadows's daughter who previously lived with Meadows and listed the number on her credit card application. *Meadows v. Franklin Collection Services, Inc.*, 414 F. App'x 230, 232 (11th Cir. 2011). Even though the opinion in *Meadows* related to a separate provision of the TCPA, the Eleventh Circuit provided: "the FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage, and thus the exemptions apply when a debt collector contacts a non-debtor in an effort to collect a debt. Otherwise, a debt collector that used a prerecorded message would violate the TCPA if it called the debtor's number and another member of the debtor's family answered." *Meadows v. Franklin Collection Services, Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011). The justification supporting the Eleventh Circuit's decision in *Meadows* is equally applicable in the instant matter. If Osorio could sue State Farm for over $75,000 because the woman with whom he cohabitates with and had a child with provided "his"

number to State Farm on multiple occasions, debt collectors would be held liable whenever a debtor lists a family member's number as his own.

In further support of its position that Betancourt could provide prior express consent on behalf of Osorio, State Farm relies upon *Gutierrez v. Barclays Group*, No. 10cv1012 DMS, 2011 WL 579238, (S.D. Cal. Feb. 9, 2011). In *Gutierrez*, a husband listed his wife's telephone number on a credit card application, and, after he stopped making credit card payments, the creditor called his wife's cellular telephone using prerecorded messages. *Id.* at *1. The wife sued the creditor under the TCPA and argued that her husband lacked the authority to provide prior express consent on her behalf because she did not consent to her husband listing her number on his credit card application. *Id.* at *2-3. The district court determined that a third-party could provide express consent under the TCPA on behalf of a plaintiff if the third-party "possessed common authority over or other sufficient relationship to the" phone. *Id.* at *3. I find the reasoning set forth in *Guiterrez* persuasive and in accord with analysis set forth in *Meadows*. A debt collector should be immune from liability under the TCPA when an applicant represents that a family member's or close acquaintance's phone number belongs to him.

Returning to the instant matter, I find Betancourt provided express consent under the TCPA on Osorio's behalf. Even though Betancourt and Osorio are not legally married, they live together and continue to raise their son together. It is undisputed that Betancourt and Osorio subscribe together to MetroPCS because their numbers are both included in their MetroPCS family plan. This fact, coupled with the fact that Betancourt represented to State Farm on three occasions that 8626 was her number, demonstrates that Betancourt at a minimum had common authority over the phone. In fact, Betancourt testified that she did not think it was necessary to ask Osorio for permission to list "his" number "because [she] put it down as an emergency

8

contact." (Betancourt Depo. 55:8-22). After considering the record, I find no genuine dispute exists as to whether State Farm had prior express consent to call "Osorio's" number.

Osorio argues that even if Betancourt provided prior express consent on his behalf, he and Betancourt revoked any prior express consent when they orally told State Farm to stop calling. In response, State Farm argues neither Betancourt nor Osorio successfully revoked the consent because it is undisputed that neither Osorio nor Betancourt revoked the express consent in writing. If verbal revocations of prior express consent are legally insufficient under the TCPA, State Farm is entitled to entry of summary judgment.

While the Eleventh Circuit has never addressed this issue, a few district courts outside this circuit considered whether a revocation under the TCPA must be in writing. After reviewing the decisions provided by both Parties, I find the collection of cases filed by the district courts in the Western District of New York exceedingly persuasive *See, e.g., Starkey v. Firstsource Advantage, L.L.C.*, No. 07–CV–662A, 2010 WL 2541756 (W.D.N.Y. Mar.11, 2010); *see also Moltz v. Firstsource Advantage, Inc.*, Case No. 08–CV–239S, 2011 WL 3360010, (W.D.N.Y. Aug. 3, 2011); *see also Moore v. Firstsource Advantage, LLC*, No. 07–CV–770, 2011 WL 4345703, at *11 (W.D.N.Y. Sept. 15, 2011). In *Starkey v. Firstsource Advantage, L.L.C.*, plaintiff filed both TCPA and FDCPA claims against a debt collector. *Starkey v. Firstsource Advantage, L.L.C.*, No. 07–CV–662A, 2010 WL 2541756 at *1 (W.D.N.Y. Mar.11, 2010). Similar to the facts in the instant matter, at the time plaintiff activated her cable services she provided prior express consent to her provider that it could call her cell phone; however, after she defaulted on her payments, plaintiff attempted to revoke that consent orally. The court held that because plaintiff authorized her provider to call her cell phone, her provider's collection efforts were not governed by the TCPA because "as clearly stated in the December 28, 2007

9

FCC Declaratory Ruling, calls regarding debt collection or to recover payments are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" *Id.* at *5. Since the provider's actions constituted debt collection practices, the court ruled that the legality of the provider's efforts was governed by the FDCPA, which does not recognize verbal revocations. *Id.* at * 5. After considering *Starkey*, and subsequent cases that rely upon *Starkey*, I find Osorio's and Betancourt's verbal revocations insufficient as a matter of law to revoke Betancourt's prior express consent.

The undisputed facts show that State Farm had prior express consent to contact Osorio, therefore, Osorio cannot prevail on his TCPA claim as a matter of law and State Farm is entitled to entry of summary judgment on Osorio's TCPA claim.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, this Court finds that Osorio has failed to raise a genuine issue of material fact with respect to his TCPA claim sufficient to defeat the instant Motion for Summary Judgment.

It is hereby

**ORDERED AND ADJUDGED** that State Farm Bank, F.S.B.'s Motion for Summary Judgment on Plaintiff's Complaint (DE 35) is **GRANTED.**

**DONE AND ORDERED** at Chambers in West Palm Beach, Florida, this ___9___ day of May, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record