UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61880-CIV-MIDDLEBROOKS/VITUNAC

FREDY D. OSORIO,

    Plaintiff,

v.

STATE FARM BANK, F.S.B.,

    Defendant.
_____/

STATE FARM BANK, F.S.B.,

    Third-Party Plaintiff,

v.

CLARA BETANCOURT,

    Third-Party Defendant.
_____/

## ORDER GRANTING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ITS CLAIMS AGAINST THIRD-PARTY DEFENDANT

THIS CAUSE is before the Court upon Third-Party Plaintiff State Farm Bank, F.S.B.'s, ("State Farm") Motion for Summary Judgment on its Claims Against Third-Party Defendant Clara Betancourt ("Betancourt") (DE 36) ("Motion"), filed March 26, 2012. I have reviewed the Motion, Betancourt's Response (DE 70), and State Farm's Reply (DE 81), the record in this case, and am otherwise fully advised in the premises.

I.    **BACKGROUND**

On May 10, 2007, Betancourt filled out and submitted an electronic credit card application with State Farm. (Hardwick Decl. ¶ 4). As part of application process, an individual

1

must provide at least one of the following: a (1) home; (2) work; (3) or cellular telephone number. (Hardwick Decl. ¶ 5). Betancourt listed 754-244-8626 ("8626") as her cellular telephone number. (Hardwick Decl. ¶ 6; Betancourt Depo. 32:18-25). In June 2007, Betancourt filled out and mailed to State Farm a change of address, in which she requested State Farm (1) to change the municipality of her address and (2) update its records to reflect that her work number changed from 954-549-7596 to 8262. (Hardwick Decl. ¶ 9). Shortly after receiving Betancourt's change of address form, State Farm updated its records. (Hardwick Decl. ¶ 10). Betancourt also contacted State Farm customer service on the following two occasions to alter her contact information: (1) on May 29, 2008, Betancourt requested State Farm update its records to reflect that her home phone number changed to 8626, and (2) on September 29, 2010, Betancourt requested State Farm update its records to reflect her home phone number changed to 754-244-5645 ("5645"). (Hardwick Decl. ¶ 11). Betancourt failed to make any payments on her statement closing October 26, 2010, and, since that time, Betancourt had not made any payments. (Hardwick Decl. ¶ 13).

After Betancourt's credit card account was "in arrears for [over] a year", "State Farm. . . undert[ook] efforts to collect" $7,945.10, the amount Betancourt owed State Farm. (*See* DE 13 at ¶¶ 9-10). At the time State Farm began its attempts to collect Betancourt's debt, State Farm had in its records that Betancourt's home phone number was 5645 and her work number was 8626. (Hardwick Decl. ¶ 15). Calls were placed to both these numbers between November 29, 2010 through May 31, 2011. (Hardwick Decl. ¶ 15).

On August 23, 2011, Fredy Osorio ("Osorio") filed a Complaint against State Farm alleging State Farm placed non-emergency telephone calls to 8626, which is his cellular telephone number, using an automatic telephone dialing system or pre-recorded or artificial

2

voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii), a provision of the Telephone Consumer Protection Act ("TCPA").

Osorio and Betancourt represent 8626 is Osorio's number. (Betancourt Depo. 28:16-18). The precise relationship between Osorio and Betancourt is unclear; however, it is undisputed that Osorio and Betancourt live together and have an adult son ("John"). (Betancourt Depo. 10-11:16-4). Osorio, Betancourt, and John all share a Metro PCS family plan, and, the plan covers both numbers that Betancourt provided to State Farm. The records provided by Metro PCS solely identify Osorio as the account holder and do not identify which number belongs to Osorio, Betancourt, and John. (*See* DE 23-2 at 1). After State Farm discovered the connection between Osorio and Betancourt, State Farm filed a Third-Party Complaint raising the following causes of action against Betancourt: (1) common-law indemnification; (2) contractual indemnification; (3) breach of contract; (4) negligent misrepresentation; (5) account stated; and (6) open account.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a district court's decision to grant summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of material fact is genuine where the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (quoting *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993)). A district court's central inquiry when determining whether it should grant a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). After the parties have had adequate time to conduct discovery and a party files a motion for summary judgment, a district court must grant summary judgment against a party who fails to establish the existence of an element essential to his case that he bears the burden of proof on during trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

The moving party bears the initial burden of demonstrating to the court that the record does not contain any genuine issues of material fact to be determined at trial. *See Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Whether a fact is material or not is a question that requires the moving party to defer to substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Pursuant to Rule 56, a moving party may accompany its motion for summary judgment with supporting affidavits; however, the movant is not required to file any affidavits. *See* Fed. R. Civ. P. 56(a)-(b). Although, a district court may not consider an unsworn statement when "determining the propriety of summary judgment." *Gordon v. Watson,* 622 F.2d 120, 123 (11th Cir. 1980) (citing *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 159, 90 S. Ct. 1598, 1609, 26 L. Ed. 2d 142 (1970)).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 593-94 (11th Cir. 1995) (per curiam) (internal citation and quotations omitted). In addition, the dispute must have a "real basis in the record" in

4

order to constitute a genuine dispute of fact. *Pace v. Capobianco,* 283 F.3d 1275, 1278 (11th Cir. 2002) (quoting *Mize,* 93 F.3d at 742) (internal quotations omitted). Thus, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1327 (11th Cir. 2005).

While conclusions and unsupported facts alone are insufficient to oppose a summary judgment motion, a district court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir. 1995) (citing *Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro,* 38 F.3d 1571, 1578 (11th Cir. 1994) (per curiam)). In order to demonstrate a genuine issue, the party opposing entry of summary judgment must establish sufficient evidence upon which a jury could reasonably rule in his favor; therefore, a mere "scintilla of evidence" alone is insufficient. *See Liberty Lobby,* 477 U.S. at 252, 106 S. Ct. at 2512. If the party opposing summary judgment produces any evidence, a district court must accept it as true and draw "all justifiable inferences" in his favor. *See id.* at 255, 106 S. Ct. at 2513.

### III. ANALYSIS

#### 1. Common Law and Contractual Indemnification

State Farm argues it is entitled to partial summary judgment on its claims for common law and contractual indemnification. Specifically, State Farm contends Betancourt should be found liable to State Farm for "any judgment, including costs, . . . Osorio . . . may obtain in this action against State Farm Bank, along with attorneys' fees and costs State Farm incurs in defending against Osorio's . . . Complaint." (*See* DE 36 at 1-2). It is unnecessary to consider these claims because in a separate order, I determined that State Farm was entitled to entry of

5

summary judgment on Osorio's TCPA claim. Accordingly, State Farm's request that summary judgment be entered in part on its claims for indemnification is moot.

### 2. Breach of Contract

State Farm argues Betancourt breached the terms of their credit card agreement ("Agreement") in the following ways: (1) by refusing to pay her credit card bills (*see* DE 36 at 11-12) and (2) by failing to provide a valid telephone number on her credit card application ("Application") at which she could be lawfully contacted (*see* DE 36 at 16-17). Since I previously entered summary judgment in State Farm's favor on Osorio's TCPA claim, I found it was lawful for State Farm to call "Osorio"; thus, State Farm's second argument for breach of contract is moot. Turning to State Farm's only remaining basis supporting its claim for breach of contract, the elements of a breach of contract action under Florida law are (1) a valid contract; (2) a material breach; and (3) damages. *See Trowell v. South Financial Group, Inc.*, 315 F. App'x 163, 165 (11th Cir. 2008) (citing *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999)). It is undisputed that the Agreement was a valid contract (*see* DE 70 at ¶ 6) and that State Farm suffered damages because Betancourt failed to pay her credit card bills (Betancourt Depo. 28:23-25).

State Farm asserts Betancourt breached the terms of the Agreement when she ceased making payments on her credit card. In her response, Betancourt fails to rebut this argument. Additionally, Betancourt conceded during her deposition that she knew she was required to pay her bill every month (Betancourt Depo. 28:23-25) and that she was in debt to State Farm (Betancourt Depo. 68:15-20). Accordingly, summary judgment in favor of State Farm on its breach of contract claim is proper because State Form bore its burden of establishing that no

genuine issues of material fact exist with respect to each essential element of its claim for breach of contract.

### 3. Negligent Misrepresentation

State Farm argues it is also entitled to entry of summary judgment on its claim for negligent misrepresentation, in which it alleges Betancourt is liable for misrepresenting on her credit card application that 8626 was her number. (*See* DE 36 at 14). Under Florida law, a plaintiff may establish negligent misrepresentation by proving the following: (1) an individual misrepresented a material fact; (2) at the time of the misrepresentation, the representor knew of the misrepresentation, made the representation without knowledge as to its truth or falsity, or made the representation under circumstances in which he ought to have known of its falsity; (3) "the representor . . . intend[ed] that the misrepresentation induce another to act on it;" and (4) the party who acted in justifiable reliance on the misrepresentation suffered injury. *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1503 (11th Cir. 1993) (citing *Hoon v. Pate Constr. Co., Inc.*, 607 So. 2d 423, 427 (Fla. 4th DCA 1992) (per curiam)). Betancourt argues a genuine issue of material fact exists as to whether she misrepresented a material fact on her credit card application, specifically, Betancourt argues she did not represent that 8626 was her number. (*See* DE 70 at 4-5). During her deposition, Betancourt stated she expected State Farm would call her if her account was past due (Betancourt Depo. 40:8-11); however, she stated that she only expected State Farm to call "her" number, which is 5645. Betancourt's position is untenable. As of the date she ceased paying her credit card bills, State Farm had in its records that Betancourt's home number was 5645 and her work number was 8626. Betancourt's individual belief that State Farm would only call "her" number, even though she also listed 8626 as her work number, is irrelevant.

Accordingly, it is undisputed that Betancourt misrepresented to State Farm that her number was 8626. Additionally, the facts show Betancourt knew at the time she made the representation that 8626 was Osorio's number (Betancourt Depo. 54:22-25), she intended State Farm to rely upon her representation, and State Farm suffered injury when it relied upon Betancourt's representation.[1]

### 4. Account Stated

With respect to its claim for account stated, State Farm contends it is entitled to summary judgment in its favor because it is undisputed that Betancourt owes State Farm the outstanding amount of her debt. An account stated is a firmly established claim in Florida. *See First Union Discount Brokerage Services, Inc. v. Milos,* 997 F.2d 835, 841 (11th Cir. 1993). "For an account stated to exist, there must be an agreement between the parties that a certain balance is correct and due and an express or implicit promise to pay this balance." *Carpenter Contractors of Am., Inc. v. Fastener Corp. of Am., Inc.*, 611 So. 2d 564, 565 (Fla. 4th DCA 1992). It is undisputed that Betancourt applied for a State Farm credit card, State Farm extended a line of credit to Betancourt, Betancourt used her credit card to purchase items, and Betancourt failed to pay the amount of her bills. (*See* DE 36 at 10-11). In fact, Betancourt testified as of June 1, 2011, she owed State Farm $7,945.10. (Betancourt Depo. 67:12-25). Betancourt failed to demonstrate that any genuine disputes of material fact exist with respect to State Farm's claim for account stated, thus, State Farm is entitled to entry of summary judgment in its favor on this claim.

### 5. Open Account

---

[1] Betancourt asserts State Farm's reliance was not justified because Betancourt and Osorio orally revoked State Farm's prior express consent to call 8626. (*See* DE 70 at 4). As more fully set forth in this Court's Order Granting State Farm's Motion for Summary Judgment on Osorio's TCPA Claim, oral revocation is insufficient as a matter of law under the TCPA. Accordingly, Betancourt's argument is legally untenable.

In order to allege a claim for open account, a plaintiff must establish the following: "(1) . . . a sales contract existed between the creditor and debtor; (2) . . . the amount claimed by the creditor represents either the agreed on sales price or the reasonable value of the goods delivered; and (3) . . . the goods were actually delivered. *Evans v. Delro Industries, Inc.*, 509 So. 2d 1262, 1263 (Fla. 1st DCA 1987) (citing *Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc.*, 376 So. 2d 22, 24 (Fla. 2d DCA 1979)). Florida law recognizes that "[m]oney advanced may form the basis of an open account." *Central Ins. Underwriters, Inc. v. National ins. Finance Co.*, 599 So. 2d 1371, 1373 (Fla. 3d DCA 1992) (citing 1 Am. Jur. 2d Accounts and Accounting § 7 (1962)). As more fully set forth in section 4, Betancourt conceded that she failed to pay her credit card bills. Additionally, she does not contest that any genuine issues of material fact exist with respect to this claim; therefore, State Farm is also entitled to summary judgment on its claim for open account.

## IV. CONCLUSION

It is hereby

**ORDERED AND ADJUDGED** that State Farm Bank, F.S.B.'s Motion for Summary Judgment on its Claims Against Third-Party Defendant Clara Betancourt (DE 36) is **GRANTED IN PART**. Specifically, the Clerk of Court shall enter judgment in favor of State Farm on counts three through six. It is unnecessary to enter summary judgment in favor of State Farm on counts one and two because these claims are moot in light of this Court's Order Granting State Farm's Motion for Summary Judgment on Osorio's Complaint. The Clerk of Court shall **CLOSE** this case and all pending Motions are **DENIED AS MOOT**.

It is hereby

**ORDERED AND ADJUDGED** that State Farm Bank shall file a Motion to Determine Principal Due, Interests, and Attorneys' Fees with respect to the amounts sought in counts three through six within **30 days** from the date of this Order.

**DONE AND ORDERED** at Chambers in West Palm Beach, Florida, this ___9___ day of May, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record